JULIAN C. BRAIN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 2, 1926.

Petition for Rehearing denied July 13, 1926.

*Bart A. Riley, for Plaintiff in Error;*

*J. B. Johnson,* Attorney General; *H. E. Carter,* Assistant, *and Taylor, Patton & Taylor,* for the State.

HORNE, Circuit Judge.—The plaintiff in error (hereafter called defendant) was informed against in Criminal Court of Record of Dade County for murder in the second degree, and was tried upon the information and convicted of murder in the second degree.

I.   In this court he insists that the County Solicitor had no right to inform the court that the defendant had committed the crime of murder in the second degree, for the reason that a grand jury, for some reason, had indicted him for manslaughter only.

The writer is of the opinion that the duties of a county solicitor and that of a grand jury though similar in that they are inquisitive and accusative in character, the acts of one is in no way binding upon the other, nor is the State barred, precluded or estopped by an act or omission of one of its agencies for the detection and accusation for crime, though estopped by a judgment of any court.   The writer does not think that the Criminal Court of Record is charged with notice of the indictment mentioned, nor does the writer conceive how this question can be raised in this court in this proceeding upon the record before the court.

II.   The defendant insists here and now that the information should have been quashed upon his motion   There is copied into the record proper that which purports to be a copy of the information, and this would indicate that the

motion to quash might have been properly granted. There is in the copy of the bill of exceptions another purported copy of the information, and this does not appear to be amenable to the same objections as the other copy, and to satisfy itself, this court asked for a certified copy of the information, and this shows the information to be legally sufficient to withstand the criticism made of it. The writer therefore is of the opinion that there was no reversible error in denying the motion to quash.

III. There was no error in denying the defendant's motion for continuance. The only material statement sought to have been proven by the absent witness was of necessity one that the defendant alone could make, i. e., that the shooting was involuntarily done. The statements about the presence and hostile demonstration by others might have been material had the defense been self-defense; but the inconsistency of the defense of excusable homicide and that of justifiable homicide, with the defendant testifying to the former, and not testifying to the necessary ingredients of the other, would have rendered the proffered testimony inadmissible in the case at bar. The writer thinks that there might be such consistency under certain circumstances as to entitle a defendant to offer testimony consistent with both, but not in a case of involuntary shooting as testified to by the defendant in this case.

IV. The evidence has been carefully examined and in the opinion of the writer sustains the verdict of the jury under the law, and having thus expressed his opinion of the points raised in oral argument and in the well prepared brief of the plaintiff in error, the writer is of the opinion that the judgment should be affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS AND TERRELL, J. J., Concur.

BUFORD, J., disqualified.