239 P.2d 1081

## STATE v. JACOBI.

### No. 1017.

Supreme Court of Arizona.

Jan. 28, 1952.

Fred O. Wilson, Atty. Gen., Phil J. Munch, Asst. Atty. Gen., for appellant.

Croaff & Croaff, Jack Cavness, of Phoenix, for appellee.

PHELPS, Justice.

An information was duly filed in the superior court of Gila County against defendant Ernest Jacobi on April 27, 1951, charging him with grand theft, a felony. Thereafter and on June 20 the defendant was arraigned before that court. A plea of not guilty was entered and the cause was then set for trial on June the 25th. At the time of arraignment and plea defendant filed a motion to quash the information upon the ground that it did "not charge defendant with the commission of an offense." The cause was then assigned to the Honorable J. Smith Gibbons, Judge of the superior court of Apache County, for trial.

On June 25 counsel for defendant presented their argument to the court upon the motion to quash and at the conclusion thereof the court made the following minute order:

"It is hereby ordered that the Motion to Quash is granted, the defendant's bond exonerated and the tile which is subject to this action released to the defendant.

"It is further ordered that the exhibits in the case be returned to the respective parties."

From the foregoing order the state appeals to this court specifying as grounds therefor that the information on its face plainly charged the defendant with the commission of grand theft.

An examination of the information clearly shows that it meets every requirement of the law in stating an offense against the state, to wit, grand theft. Counsel for defendant conceded this fact in their argu-

ment before the court. It would therefore profit neither the bench nor the bar to analyze the allegations therein contained.

 Counsel for defendant argue, however, that inasmuch as the county attorney did not resist the motion to quash, the state waived its right to appeal and is estopped to assert such right here. There is no merit to this contention. State v. Kiewel, 166 Minn. 302, 207 N.W. 646; Brain v. State, 91 Fla. 1026, 109 So. 804.

 We have repeatedly held in civil actions that the state cannot be estopped from asserting its lawful rights in the exercise of its governmental functions by the unauthorized acts of its officers. Crane Co. v. Arizona State Tax Commission, 63 Ariz. 426, 163 P.2d 656, 163 A.L.R. 261; Duhame v. State Tax Commission, 65 Ariz. 268, 179 P.2d 252, 171 A.L.R. 684; Murphy v. State, 65 Ariz. 338, 181 P.2d 336; Petersen v. Southern Arizona Bank & Trust Co., 54 Ariz. 506, 97 P.2d 225; see also Strand v. State, 16 Wash.2d 107, 132 P.2d 1011.

We see no basis for a differentiation between rights of the state in the administration of its criminal and civil statues. It is in the exercise of a governmental function in either case. We therefore hold that the state cannot be estopped to prosecute an appeal to the supreme court in a criminal case by failure of the county attorney to resist the motion to quash the information. Whether he silently acquiesced in or voluntarily assented to the granting of the motion to quash makes no difference. It was the duty of the court to base its ruling upon the sufficiency or insufficiency of the allegations of the information to state a public offense.

Having reached the conclusion that the information stated an offense against the state, the order of the trial court granting the motion to quash must be reversed and it is so ordered with instructions to reinstate the cause of action for such further proceedings as may be deemed proper.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.