423 P.2d 368

**Marcas McKINLEY and Carrie McKinley, his wife, Appellants,**

**v.**

**GREYHOUND PARK, a corporation, and the Fund Insurance Companies, a corporation, Appellees.**

**I CA–CIV 255.**

Court of Appeals of Arizona.
Feb. 10, 1967.

W. Roy Tribble, Chandler, and Theodore G. McKesson, Phoenix, for appellants.

O'Connor, Anderson, Westover, Killingsworth & Beshears, by Gerald L. Jacobs, Phoenix, for appellees.

STEVENS, Judge.

The Appellants were the Plaintiffs in the Superior Court and the Appellees were the Defendants. The Appellants filed their action more than two years after the occurrence of the tort. The gravamen of their action was to seek a recovery for personal injuries. In order to avoid the two year statute of limitations, they sought to vacate and set aside a release of all claims. This phase of the litigation was incidental to the attempted recovery for the tort.

It is alleged that through the negligence of Greyhound Park, Mrs. McKinley sustained personal injuries on 14 February 1962. The file reflects that she received medical treatment from a specialist of her own choice prior to the time that the plaintiffs executed the release in question. On 19 April 1962, Mr. and Mrs. McKinley executed a release of all claims and the defendant insurance company paid them $2,000. The Superior Court action was commenced on 13 October 1964, more than two years after the claimed tort. The clear import of the complaint is a claim for damages by reason of tort and, incidental thereto, the complaint seeks to set aside the release. There was no tender of the return of the $2,000 or offer to offset this sum against the recovery which was sought.

The file reflects that the depositions of the plaintiffs were taken. The depositions were not forwarded to us for our consideration. The plaintiffs urged that they could not afford to secure a transcript of the reporter's notes. The defendants moved for summary judgment and their pleadings and memoranda make brief reference to portions of the depositions. We are not informed as to whether the depositions were filed in the Superior Court or otherwise presented to the Superior Court for its consideration. We can consider only those matters which are presented to us. Patton v. Paradise Hills Shopping Center, Inc., 4 Ariz.App. 11, 417 P.2d 382 (1966).

The Appellees urge the applicability of the two year statute of limitations. The appropriate section in the Arizona Revised Statutes is, in part, as follows:

"§ 12–542.  *  *  *

There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

1. For injuries done to the person of another."

The Appellants urge that there was fraud in the procurement of the release. They urge that the case of Acton v. Morrison, 62 Ariz. 139, 155 P.2d 782 (1945) permits the late filing of the action in question. In our opinion, Acton is not applicable. In Acton, the defendant was a dentist who treated the plaintiff and, therefore, occupied a confidential relationship to the plaintiff. The dentist negligently left materials imbedded in the patient's jaw and fraudulently withheld this information from the patient. This was a breach of the confidential relationship and the patient was prevented from learning of the tortious act. In the case now before us, the injured party knew of the claimed tortious act on 14 February 1962.

The Appellees urge that the plaintiffs failure to tender the return of the $2,000 precludes their recovery and they cite the case of City of Prescott v. Sumid, 30 Ariz. 347, 247 P. 122 (1926). On Page 353 of the Arizona Reports, on page 125 of 247 P., the Supreme Court stated:

> "The law is clear. If A. has a claim against B., and agrees to settle such claim for a certain sum of money, which is paid to him, he cannot attempt to set aside the settlement for fraud or any other cause and sue on the original claim without first tendering back the money he has received in settlement. * * *"

In our opinion, we need not rest our decision in this matter upon this point alone.

Assuming for the sake of argument that the record before us discloses sufficient facts to enable the plaintiffs to void the release, this assumption will not defeat the propriety of the ruling by the trial court granting the defendants' motion for summary judgment. The plaintiffs did not seek damages arising out of the claimed fraudulent procurement of the release. They sought to set aside the release to the end that they may urge their claim for personal injuries arising out of the tort. Further granting, for the sake of argument, that the release can be set aside, this would not enable them to proceed to trial as to the merits of the tort claim in the face of the properly plead two year statute of limitations. Under these circumstances, it would be a useless act to set aside the release. We agree with the principles announced in Peterson v. A. Guthrie & Company, 3 F.Supp. 136 (D.C.1933), in which the holding was substantially similar to our holding in this instance.

Initially there was a question relative to the jurisdiction of this Court to entertain the appeal. This was resolved in favor of jurisdiction under the principles set forth in the Arizona Supreme Court decision of Hanen v. Willis, 102 Ariz. 6, 423 P.2d 95, decided on 25 January 1967.

Affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.