510 P.2d 42

Mary Ruth SCHADE, Appellant,

v.

ARIZONA STATE RETIREMENT SYSTEM et al., Appellees.

No. 10765.

Supreme Court of Arizona,
In Division.

May 23, 1973.

Rehearing Denied June 26, 1973.

Cohen, Gerst, Groseclose & Meissner by Stephen A. Gerst, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen. by Fred W. Stork, Asst. Atty. Gen., Phoenix, for appellee Ariz. State Retirement System.

Morgan & Jerome and Beer & Kalyna by Olgerd W. Kalyna, Phoenix, for appellees Schade.

CAMERON, Vice Chief Justice.

This is an appeal from a summary judgment entered in favor of Frederick Morey Schade and from denial of Mary Ruth Schade's motion for summary judgment upon an appeal from an order of the Arizona State Retirement Board.

The issue on appeal is whether the record before the Board contains sufficient evidence to support the finding by the Board that the deceased Fred K. Schade did not intend to change the beneficiary of his retirement funds until the date of his retirement.

The facts necessary for a determination of this matter on appeal are as follows. In 1953, the Arizona legislature enacted the State Employees' Retirement System Act which is now found in Article 2, Chapter 5, Title 38 A.R.S. The act established a retirement system for state and public employees. Both the employee and the employer make contributions to the individual's retirement account. Fred K. Schade was a member of the Arizona State Retirement System.

In 1968, Fred Schade was divorced from Fern Morey Schade. Fern Schade was given custody of their son Frederick Morey Schade, then 16 years old. As a result of the divorce, Fern Schade received most of the property of the parties, including the home and other real and personal property. According to testimony of the second wife, Fred K. Schade had only a "1964 Volkswagen and a new job" when he met and in November of 1968 married Mary Ruth Schade.

In April of 1969, deceased suffered a heart attack and was hospitalized. Mary Schade's insurance paid for the hospitalization. The testimony indicated that the deceased was very happy with his new wife and that he was also extremely fond and proud of his son Frederick Morey Schade.

In May of 1969, after he was released from the hospital, he signed a "Change of Beneficiary" designating, as beneficiary, Mary Schade and Frederick Morey Schade to "share and share alike."

On 17 July 1969, the deceased signed an "Application for Retirement Income and Election of Settlement Option." The form provided by the Board contained the statement that the date of retirement "cannot be sooner than the first day of the month following conclusion of payroll status and submission of the retirement application." The deceased requested that his retirement become effective on 1 August 1969 which was the first available day as indicated by the statement on the form.

He elected to take Option 1 which reads as follows:

"Life annuity with refund provision, I elect to receive monthly income payments to be paid during my lifetime, with a refund to my designated beneficiary of any balance in my retirement account remaining at my death, such refund not including prior service credit pension payments. If my beneficiary should predecease me, the refund shall be paid to my estate. My beneficiary is Mary Ruth Schade, my wife. ."
(relationship)

Fred K. Schade passed away on 29 July 1969. At the time of his death, Fred K. Schade had a balance of approximately $14,000 in his retirement fund account with the Arizona State Retirement System. It is the balance of this account that is in dispute.

Disposition of the funds in Mr. Schade's account at his death, but prior to the date of retirement, is set out in § 38–758, subsec. E, A.R.S.:

"E. Upon the death of a member prior to retirement, the designated beneficiary or the estate of the deceased shall be entitled to a payment equal to the balance in the deceased member's retirement account."

On 21 October 1969, the Arizona Retirement Board, pursuant to § 38–743 A.R.S., held a hearing to determine the rights of beneficiaries to the balance of this account. The order of the Board arising out of that hearing was appealed to the Superior Court which remanded the matter for a second hearing due to the fact that there was no reporter's transcript of the first hearing.

On 18 February 1970, the Arizona Retirement Board held a second hearing. After a hearing at which both Mary Schade and the son testified, the Board found that the two beneficiaries as of 16 May were Mary Schade and Frederick Morey Schade and that:

"5. Fred K. Schade, deceased, did not intend by the execution and filing of his 'Application for Retirement Income and Election Settlement Option' to change the designation of Mary Ruth Schade and Frederick Morey Schade as the beneficiaries of his retirement account in the event of his death prior to settlement.

"6. Fred K. Schade, deceased, by the execution and filing of his 'Application for Retirement Income and Election of Settlement Option' intended to name Mary Ruth Schade as the sole beneficiary of the balance, if any, in his retirement account at the time of his death after retirement.

### Conclusions of Law

"1. Fred K. Schade, at the date of his death, was not retired within the meaning of Article 2, chapter 5, Title 38, Arizona Revised Statutes.

"2. On July 27, 1969, the designated beneficiaries of the retirement account of Fred K. Schade, deceased, were Mary Schade and Frederick Morey Schade, share and share alike."

The appeal to the Superior Court from the decision of the Arizona State Retirement System was pursuant to the Administrative Review Act, § 12–901, et seq., A.R.S. The scope of the Superior Court's review is limited to deciding whether the administrative action was illegal, arbitrary, capricious, or involved an abuse of discretion. Arizona Board of Regents v. Superior Court, 106 Ariz. 430, 477 P.2d 520 (1970). In reviewing actions of the trial court under the act, appellate courts will only search the record to determine whether the evidence is of a substantial nature to support the lower court's decision. Welsh v. Arizona State Board of Accountancy, 14 Ariz.App. 432, 484 P.2d 201 (1971). Since the trial court in the instant case granted a motion for summary judgment without new evidence, a trial de novo not being asked for by the party or ordered by the trial court, § 12–910, subsec. A, A.R.S., we have before us the sole question as to whether the summary judgment in favor of the son is supported by the evidence which was presented to the State Retirement Board.

The benefits provided for beneficiaries under the State Employees' Retirement System, § 38–741 et seq., A.R.S., are in the nature of proceeds of an annuity or life insurance contract. The law regarding change of beneficiary under acts of this kind generally follows the law regarding the change of beneficiary of an annuity or a life insurance contract. Rogers v. Rogers, 152 So.2d 183, 5 A.L.R.3d 637 (Fla. App.1963). This court has held that the method of changing beneficiaries as set out in the insurance contract must be strictly followed. There are, however, three exceptions to this general rule requiring strict compliance with the provisions and they are: (1) if the insurer has waived strict compliance; (2) if it is beyond the

power of the insurer to comply literally with the regulations, equity will treat the change as regularly made; and (3) if the insured has done all in his power to effect the change, but before the change is completed he dies, equity will treat the change has having been made. McLennan v. McLennan, 29 Ariz. 191, 240 P.2d 339 (1925); Doss v. Kalas, 94 Ariz. 247, 383 P.2d 169 (1963); Franklin Life Insurance Co. v. Mast, 435 F.2d 1038 (9th Cir. 1970). See also, Annotation, 19 A.L.R.2d 5.

"* * * The provisions in a policy of insurance as to the procedure for making a change of beneficiary are for the benefit of the insurer. If the insurer does not choose to require enforcement thereof, and the rights of the respective claimants alone are before the court, the intent of the insured should govern. (citations omitted)." Doss v. Kalas, supra, 94 Ariz. at 251, 383 P.2d at 172.

In the instant case there is no question concerning strict compliance as the State Retirement System is willing to pay to anyone the court designates, and we feel that the insured at the time he signed the election form had done all he felt he had to do to make Mary Schade his beneficiary at the time of signing.

We can find nothing in the record to reasonably support the finding of the Board that the deceased intended to keep his son and wife as beneficiaries from the date of the signing to the date of his retirement some 15 days later and then change to Mary Schade as his sole beneficiary. On the contrary, a reading of the transcript of the hearing before the Board indicates that, if anything, the deceased intended to change the beneficiary at the time of signing the document on 17 July.

The order of the trial court granting summary judgment in favor of the appellee, Frederick Morey Schade, is set aside and the matter remanded to the trial court with directions to grant the motion of the appellant, Mary Ruth Schade, for summary judgment.

LOCKWOOD, J., and JESSE A. UDALL, Retired Justice, concur.