617 P.2d 50

NATIONAL ADVERTISING COMPANY, Plaintiff–Appellant,

v.

ARIZONA DEPARTMENT OF TRANS-PORTATION; William E. Willey; Dennis Ambrose, Defendants–Appellees.

No. 1 CA–CIV 4549.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 24, 1980.

Morgan, Cord & Crail, by B. Monte Morgan, Scottsdale, for appellant.

Robert K. Corbin, Arizona Atty. Gen., by Richard Kamps, Asst. Atty. Gen., Phoenix, for appellees.

## OPINION

YALE McFATE, Judge.

This appeal involves the review of an administrative decision under A.R.S. § 28–2105 C in which appellee Arizona Department of Transportation ("A.D.O.T.") found a billboard sign owned by the appellant, National Advertising Company ("appellant") to be unlawful and thus subject to removal. The administrative decision was affirmed by the Superior Court of Maricopa County, and the appellant has brought this appeal.

We note that the initial appeal to the Superior Court was pursuant to the Administrative Review Act, A.R.S. § 12–901 to § 12–914. Thus the scope of the court's review was "limited to deciding whether the administrative action was illegal, arbitrary, capricious, or involved an abuse of discretion." *Schade v. Arizona State Retirement System*, 109 Ariz. 396, 398, 510 P.2d 42, 44 (1973). In our review of a decision by the Superior Court to affirm the administrative agency, we "will only search the record to determine whether the evidence is of a substantial nature to support the lower court's decision." 109 Ariz. at 398, 510 P.2d at 44.

The facts involved in this case are undisputed. On April 11, 1972, Melvin Genser Outdoor, Inc. ("Genser") applied to A.D.O.T. for a temporary permit to construct a double–faced, 12′ × 48′ painted billboard 2,000 feet west of 40th Street on Interstate 10 in Phoenix, Arizona. A.D.O.T. issued a temporary letter permit on April 26, 1972, and in June of that year the sign was erected. However, by error, Genser constructed the billboard at a location only 1,300 feet west of 40th Street on property which was zoned for residential uses only. Under A.R.S. § 28–2103 A(1), the sign was clearly unlawful when it was erected.

However, if the sign had been built only twelve feet away, it would have been located on property zoned for industrial uses, and would have been authorized by A.R.S. § 28–2102 A(5).

Owners of billboards erected after the enactment of the 1970 laws concerning outdoor advertising signs (A.R.S. §§ 28–2101 to 28–2110) were issued temporary permits pending the formulation of administrative rules governing billboards. These rules were adopted on January 27, 1975. Rule 4.09 (now A.C.R. R17–3–711 C(9)) provided that A.D.O.T. would field check pending applications for compliance with the law and A.D.O.T. regulations. Hundreds of violations were discovered and a great amount of time was necessary to investigate and identify all of them along the entire state highway system.

In April 1975, three months after adoption of the rules, appellant purchased the billboard from Genser. Appellant asserts that it was unaware of the sign's unlawful placement. In July 1975, A.D.O.T. sent out forms of application for permanent permits to billboard owners in the state who held temporary permits. However, no form of application was sent to appellant, due to the fact that A.D.O.T.'s preliminary inquiry indicated that the sign was not located on industrially zoned land. On December 2, 1977, after further investigation had confirmed the unlawful placement, A.D.O.T. issued a sign violation notice ordering the billboard's removal under A.R.S. § 28–2105 C. Following appellant's timely request, a hearing was held on January 18, 1978 before an A.D.O.T. hearing officer. The hearing officer was sympathetic with the plight of appellant, but decided that A.D.O.T. had acted legally and properly, and ordered that the sign be removed. Appellant appealed to the Superior Court. The court affirmed A.D.O.T.'s actions and the ruling of the hearing officer. Appellant has now appealed to this Court. We affirm the decision of the Superior Court.

■ Appellant first argues that the language of A.D.O.T.'s December 2, 1977 "notice of violation" was inaccurate, insufficient and defective. However, we note that the appellant has failed to present to this court a copy of the notice complained of. Our review is limited to the record on appeal. *City of Tucson v. Ruelas*, 19 Ariz. App. 530, 508 P.2d 1174 (1973). We can consider only those matters which are presented to us. *McKinley v. Greyhound Park*, 5 Ariz.App. 93, 423 P.2d 368 (1967). "Where an incomplete record is presented to an appellate court, the missing portions of that record are to be presumed to support the action of the trial court." *Cullison v. City of Peoria*, 120 Ariz. 165, 168 n.2, 584 P.2d 1156, 1159 n.2 (1978). Therefore we must presume that the notice of violation gave appellant legally sufficient notice under A.R.S. § 28–2105 C.

Appellant's other arguments can be summarized as follows:

1. That appellant acquired a "vested property right" to maintain the billboard in its present location, because he made substantial expenditures of money relying on a permit which had been outstanding for five years prior to notice of violation.

2. The state is estopped from "revoking appellant's permit" [1] five years after its issuance due to delay in completing its field studies which ascertained the billboard was not located within the permitted area, and by failing to notify appellant (an innocent party) in 1975 when it first discovered the "defect," thus defeating appellant's right to recoup its purchase price within the time permitted by its contract with Genser.

3. A.D.O.T. is affirmatively required to assure that all permits are issued legally by conducting complete field checks, title searches, ownership, etc., and having failed to do so and having erred in the issuance of the permit is estopped from revoking the permit after it has been issued.

We shall consider the foregoing propositions in the order listed.

■ The property right claimed is a temporary permit to erect a billboard at a certain designated location. No one challenges the property right of appellant in the physical structure itself. Appellant contends that the reason he acquired a vested right to the permit is because he made substantial expenditures relying on the fact that it had been outstanding for five years prior to notice of violation. This is, in effect, a kind of estoppel. Estoppel does not apply for two reasons: first, appellant had no right to assume that a temporary permit would bestow upon him a vested right to a permanent permit, or a vested right to keep the sign where it was placed irrespective of the temporary nature of the permit and irrespective of statutory prohibitions and, second, estoppel will not lie as a defense against the state in the pursuit of its governmental functions. The state cannot be estopped from pursuing statutory remedies available to it because of alleged dilatory conduct of its officers in acting to enforce the remedy. *Kerby v. State*, 62 Ariz. 294, 157 P.2d 698 (1945); *Murphy v. State*, 65 Ariz. 338, 181 P.2d 336 (1947); *State v. Jacobi*, 73 Ariz. 193, 239 P.2d 1081 (1952).

Appellant acquired only the rights of his predecessor, Genser, who acquired no right to erect or maintain the billboard on the site where it was placed and in a literal sense the billboard was constructed without a permit, temporary or permanent, and is an illegal sign structure under the Act (A.R.S. §§ 28–2103 A(1) and 28–2104 C). A.R.S. § 28–2105 C states in part:

"When outdoor advertising is placed after the effective date of this article, contrary to provisions of this article, . . . the outdoor advertising shall be deemed unlawful."

A.R.S. § 28–2110 declares that any person who violates any provision of the law regulating advertising displays is guilty of a misdemeanor. Appellant's purchase of the unlawfully erected sign structure gave him no rights superior to or in addition to those of his predecessor in interest.

---

1. Actually, the officer found the sign was not within the area covered by the permit and ordered its removal. There is no order "revoking the permit."

■ Appellant argues that by failing to timely order removal of the billboard, A.D.O.T. should now be estopped from issuing such an order under *Town of Paradise Valley v. Gulf Leisure Corporation*, 27 Ariz. App. 600, 557 P.2d 532 (1976), and *Phoenix City Council v. Canyon Ford, Inc.*, 12 Ariz. App. 595, 473 P.2d 797 (1970). However, those cases do not support the position of the appellant. In *Town of Paradise Valley*, the court, citing *Phoenix City Council*, stated:

> "where a special use or building permit has been *legitimately issued*, and the permittee has substantially relied thereupon and incurred considerable expenses, the right to continue construction *under such permit* becomes a vested right which a municipality has no right to violate without good cause or in the absence of any public necessity."

27 Ariz.App. at 608, 557 P.2d at 540 (emphasis added). The court in *Phoenix City Council* held there was no estoppel because the permittee by entering into a contract for construction of the signs in reliance on the then–existing sign ordinance did not acquire a vested right as against a *future change* in the ordinance.

In the *Town of Paradise Valley* case, the permittee had spent considerable sums while acting in compliance with the terms of a Special Use Permit of the Town of Paradise Valley, but failed to comply with the provision that the actual construction was to be commenced within six months of issuance of the permit. However, the permittee applied for an extension of the permit pursuant to its terms providing for such application, after having expended considerable sums of money in preparatory work. Neither of the foregoing cases dealt with unlawful construction outside the boundaries of the permit. Appellant is seeking to now rely on conduct which was not authorized by the permit. No authority has been cited to support this specific position. We conclude that an estoppel was not created by the failure of A.D.O.T. to take affirmative action for some five years after construction of the billboard.

The second of the above stated propositions assumes that the state owed a duty to promptly complete its field studies and notify appellant in 1975 when it first discovered the "defect" and having failed to do so caused appellant, an innocent party, to lose its right of recourse against Genser within the time permitted by its contract.

We are not persuaded by this argument. The state owed no statutory or other duty to sign owners to complete its survey of signs along the state highways within any specified time. Considering the magnitude of the task, we are not in a position to determine that the delay was unreasonable. Those with illegal signs erected under temporary permits would not be expected to suffer loss or damage due to delay.

The claim that if A.D.O.T. had cited appellant within a year of the date of purchase, it would have had a contractual right of recourse against Genser, is not justified as the basis of an estoppel. The alleged contract has not been made a part of the record on appeal. There is nothing in the record to indicate that appellees knew of any such contractual right. Furthermore, had it known, the state owed no duty to appellant, who stood in Genser's position to advise either of them of the sign violation at any particular time. It was appellant's responsibility to know the status of the interest he was purchasing.

■ Appellant argues that it is an innocent third party, and that it would be unfair to hold it responsible for Genser's error in its placement of the billboard and A.D.O.T.'s failure to timely discover and prosecute the violation. We disagree. One of the elements of estoppel is that the party claiming to have been misled or deceived by the concealment of facts on which he relied must have been without knowledge of or the duty of inquiring further as to the real facts. *Contreras v. Industrial Commission*, 98 Ariz. 221, 227, 403 P.2d 535, 539 (1965); *Trollope v. Koerner*, 106 Ariz. 10, 470 P.2d 91 (1970). Before the sign was purchased, appellant could have checked to see if it was where it was supposed to be. The temporary nature of the permit should have

alerted appellant to the tenuous nature of the rights he was purchasing. The purchase of a temporary permit afforded no basis to expect a permanent one later, absent some inquiry on the part of appellant as to that possibility. Appellant was an experienced owner of billboards in Arizona. Failure of A.D.O.T. to send appellant an application for a permanent permit gave appellant notice of potential difficulty with its sign.

Appellant notes that the billboard is located only twelve feet away from industrially zoned property, and that the billboard's land will probably be zoned for industrial uses in the near future. While one might question the wisdom and rationale of requiring the removal of a billboard which has been located barely outside industrially zoned land for five years, it is clear that A.D.O.T. is directed to seek its removal under A.R.S. § 28–2105 C.

Appellant's last argument is that A.D.O.T. is required to complete field checks before issuing permits, and having failed to do so and having erred in issuing the permit cannot now revoke it.

The fallacy of this argument is that Genser acquired the permit before the construction of the signboard, and the state had a right to assume that the sign would be erected at the site authorized by the permit, hence the state committed no error in issuing the permit. The error was committed later by Genser. The rules providing for field checks of pending applications were adopted approximately 3 months before appellant purchased the billboard. However, it was not until July 1975 that A.D.O.T. suspected the sign was in a non–conforming area, and this was 3 months after appellant had bought the billboard. We find no affirmative duty on the part of A.D.O.T. to inspect sign locations prior to issuance of its rules, or to discover a non–conforming sign within 3 months thereafter.

We find no basis for appellant's argument that A.D.O.T. cannot revoke the permit because it failed to complete a field check before issuing the permit.

The decision of the trial court is affirmed.

EUBANK, P. J., and OGG, C. J., concur.