732 P.2d 588

**In re the Matter of the ESTATE OF Howard E. HOMAN, Deceased.**

**Evah DELLEFIELD, Personal Representative (appearing individually), Appellee,**

v.

**ARIZONA BOYS RANCH, INC., an Arizona nonprofit corporation, Appellant.**

**No. 1 CA–CIV 8347.**

Court of Appeals of Arizona, Division 1, Department D.

Sept. 23, 1986.

Reconsideration Denied Oct. 31, 1986.

Review Denied Feb. 12, 1987.

Sorenson, Moore, Evens & Burke by Lewis B. Moore, Jr., Phoenix, for Evah Dellefield, in her individual capacity.

Law Offices of John K. Mangum, P.C. by John K. Mangum, James M. Mack, Phoenix, for Arizona Boys Ranch, Inc.

## OPINION

FROEB, Chief Judge.

This case involves the method by which a member of the Arizona State Retirement System may designate a beneficiary of his retirement benefits. Specifically, we hold that to change the beneficiary of a member's retirement account under existing law, the member need not strictly comply with the Retirement System's procedural requirement that the completed change of beneficiary form be returned to the Retirement System office.

The following facts, presented to the trial court in this case, were undisputed. Howard E. Homan died on September 25, 1981, in Phoenix, Arizona. Homan had been a schoolteacher in Gila Bend, Arizona, and by virtue of his employment was entitled to retirement benefits from the Arizona State Retirement System. At the time Homan began his participation in the Arizona State Retirement System, he designated his mother, Frances Homan, as beneficiary of his retirement benefits. Frances Homan died in 1971. Homan obtained a change of beneficiary designation form from the Arizona State Retirement System and typed the name and address of his sister, Evah Dellefield, in the space provided for new beneficiaries. The form was signed by Homan and notarized on May 24, 1974. Directly below the title of the form the following statement appeared:

To accomplish the desired change of beneficiary designation, the member must return the completed "Change of Beneficiary" form to the Retirement System office.

Homan did not return the form, but instead he retained possession of the form at his home. The form was discovered among his personal effects after his death.

Homan left a will which was signed and dated November 11, 1975, approximately seventeen and one-half months after he signed the change of beneficiary form. Homan's will listed as relatives only his sister, Evah Dellefield, and her three children, Alan, Kenny, and Sue Dellefield. The will contained various bequests of personalty and insurance proceeds to Homan's niece and nephews. In addition, it contained specific bequests of money, stocks and bonds to numerous charitable organizations. The will made no specific reference to Homan's Arizona State Retirement System benefits. The will contained the following two residuary clauses:

Eighteenth: I direct that any monies not specifically referred to herein shall be devised and are hereby devised to the Arizona Boy's Ranch, in Arizona.

Nineteenth: I direct any and all residuary property not specifically referred to shall be divided between ALAN DELLEFIELD, KENNY DELLEFIELD and SUE DELLEFIELD, share and share alike, or to the survivor of them, should they be deceased.

Evah Dellefield was not named as a devisee or legatee in the will. The will contained no statement that she was being excluded and gave no explanation for not leaving anything to her. The First National Bank of Arizona (now First Interstate Bank of Arizona) was named as personal representative of the will, but declined to serve.

On April 13, 1982, Evah Dellefield submitted the will for informal probate and,

after obtaining waivers from other persons and entities with priority for appointment, applied for appointment as personal representative. On April 22, 1982, she was appointed as personal representative of the estate.

Prior to her appointment, Evah Dellefield contacted the Arizona State Retirement System Board regarding disposition of Homan's retirement account. Dellefield was advised that, notwithstanding the existence of a signed but undelivered change of beneficiary form, the retirement account would be paid only to Homan's estate because Homan's beneficiary had predeceased him and the Board had received no other designation of beneficiary prior to Homan's death. On August 15, 1984, the Retirement System paid $44,628.71 to the estate to discharge its obligation to the estate.

Evah Dellefield, as personal representative of the estate, then filed a petition for instructions from the court. She sought direction as to whether the executed change of beneficiary form entitled her to receive the retirement fund proceeds. In addition, if the change of beneficiary designation was held to be ineffective, she sought instructions as personal representative as to whether the benefits were payable to the Arizona Boys Ranch as "monies" pursuant to article eighteen of the will, or to Alan, Kenny, and Sue Dellefield as "residuary property" pursuant to article nineteen of the will. The Arizona Boys Ranch and Evah Dellefield, in her individual capacity, filed responses to the petition for instructions. After considering the responses, the trial court entered judgment holding that the execution of the change of beneficiary form naming Evah Dellefield as beneficiary was valid and effective and that Evah Dellefield was entitled to the benefits from the Arizona State Retirement System as her sole and separate property. In reaching this conclusion, the trial court made the following pertinent findings from the undisputed facts:

THE COURT FINDS that the decedent died on September 25, 1981 and was a retired school teacher and entitled to retirement benefits from the Arizona State Retirement System; that decedent had designated his mother, Frances Homan, as beneficiary of his retirement benefits; that Frances Homan died in 1971; that after the death of his mother, decedent executed a Change of Beneficiary on May 24, 1974, naming his sister, Evah Dellefield, as beneficiary of the benefits due from the Arizona State Retirement System; that the execution of said Change of Beneficiary by decedent after the death of his mother was a clear manifestation of his intent to make Evah Dellefield the beneficiary of the benefits due from the Arizona State Retirement System; that said Change of Beneficiary dated May 24, 1974 was kept with and found among the personal papers of decedent following his death; that the failure to file said Change of Beneficiary with the State did not prejudice the Arizona State Retirement System; that the Change of Beneficiary dated May 24, 1974 is valid and effective despite the fact that it was not filed with the State; and that Evah Dellefield is entitled to receive the benefits from the Arizona State Retirement System as her sole and separate property.

Appellant Arizona Boys Ranch appeals the trial court's ruling.

On appeal, appellant argues the trial court should have found that Homan's undelivered change of beneficiary designation was ineffective because it did not strictly comply with the Arizona State Retirement System's procedure for changing the beneficiary of a member's retirement account. Appellant argues, in the alternative, that the evidence presented was insufficient to support the trial court's finding that Homan intended Evah Dellefield to be the beneficiary of his retirement fund proceeds.

■ A.R.S. § 38–744(B) provides that a member of the Arizona State Retirement System may change the beneficiary of his retirement account "at any time pursuant to rules prescribed by the board on forms furnished by the board." Neither party

has referred this court to a rule enacted by the Arizona State Retirement System Board, and we are aware of none, setting forth requirements for changing the designated beneficiary of a retirement account.

Appellant relies on *Schade v. Arizona State Retirement System,* 109 Ariz. 396, 510 P.2d 42 (1973) to support its contention that to effect a change of beneficiary Homan was required to strictly comply with the Retirement System's procedure, i.e., return the form to the Retirement System office. Appellant's reliance on *Schade* is misplaced in this case.

In *Schade,* the Arizona Supreme Court recognized that benefits under the Retirement System are in the nature of proceeds of an annuity or life insurance contract. The court stated that the law regarding the change of beneficiary of state retirement benefits generally follows the law regarding the change of beneficiary of an annuity or life insurance contract. The court noted an insured must strictly comply with the procedure set forth in an insurance contract for changing beneficiaries unless one of three exceptions to the rule of strict compliance applies.

In the present case, the requirement that the form be returned to the Retirement System office was not adopted as a rule in accordance with the Administrative Procedure Act, A.R.S. § 41–1001, *et seq.,* and, therefore, does not have the force and effect of a rule. The directive appearing on the form that it must be returned to the Retirement System office is a statement of general applicability and purports to describe a procedural requirement of the Retirement System. Thus, the directive has the quality of a "rule" as defined in the Administrative Procedure Act, A.R.S. § 41–1001(7), yet it was not adopted as such in accordance with the Act. Therefore, it has no force or effect as a rule.

Since the statement on the form was merely advisory and lacked the authority of a rule, it is inappropriate to apply the "strict rule" contemplated by *Schade.* This is particularly true in view of the fact that the supreme court in *Schade* appears to have assumed the presence of duly enacted rules relating to the subject.

 Having decided that *Schade* does not control, the question of which beneficiary Homan intended to receive his retirement benefits was presented to the trial court and decided as a matter of fact in favor of appellee Evah Dellefield. Appellant argues that the evidence was insufficient to support this finding. We reject this argument and hold that the evidence was sufficient.

We do not discuss the remaining issues raised by appellant since they are contingent upon an opposite resolution of the issue earlier discussed.

Judgment affirmed.

GRANT and BROOKS, JJ., concur.