830 P.2d 475

OUTDOOR SYSTEMS, INC., an Arizona corporation, Plaintiff/Appellee,

v.

ARIZONA DEPARTMENT OF TRANSPORTATION, an agency of the State of Arizona, and Charles Miller in his capacity as Director of the Arizona Department of Transportation, Defendants/Appellants.

No. 2 CA–CV 92–0050.

Court of Appeals of Arizona, Division 2, Department A.

April 28, 1992.

Beus, Gilbert & Morrill by Martin A. Aronson and Mark C. Dangerfield, Phoenix, for plaintiff/appellee.

Grant Woods, Atty. Gen. by Janis M. Haug, Phoenix, for defendants/appellants.

## OPINION

LACAGNINA, Presiding Judge.

The Arizona Department of Transportation (ADOT) appeals from the reversal of a hearing officer's decision based upon the trial court's finding that ADOT was estopped to cancel the permits issued for three outdoor signs owned by Outdoor Systems, Inc. (Outdoor). Because we find that the trial court erred in applying equitable estoppel against the state in this case, we reverse.

## FACTS AND PROCEDURAL HISTORY

During 1985 and 1986 ADOT issued permits for three signs to be constructed along State Route 87 near Riggs Road in Maricopa County. After the permits were issued and the signs erected, Outdoor purchased the signs and permits. In 1988, while ADOT was inspecting for a fourth sign permit applied for by Outdoor in the same area, the field inspector became aware that the three signs Outdoor had purchased did not comply with A.R.S. § 28–2101 because they were not in a "business

area" which is defined in the statute as land located within 1000 feet of a commercial or industrial activity. ADOT notified Outdoor by mail that it was cancelling the permits and, following a hearing requested by Outdoor, the hearing officer affirmed ADOT's cancellation and ordered removal of the signs.

In his findings of fact the hearing officer rejected Outdoor's argument that the cotton field located between the three signs and the cotton gin "must have been considered by the field inspectors as an integral part of the gin operation in approving these sites for permits." The hearing officer then stated that ADOT had a legal right to cancel the sign permits because they were not within 1000 feet of a qualifying business as required by the statute. In addition, the hearing officer found that "it is impossible to come to any conclusion on how two different field inspectors could have recommended issuing these permits." Although acknowledging that it was unfortunate the permits were issued, the hearing officer concluded that "the State cannot be bound by an unlawful act of one of its agents or employees."

On appeal, the trial court agreed there was no evidence of an integrated land use involving the cotton fields and cotton gin which met the statutory requirement of a commercial or industrial activity located within 1000 feet of the sign. However, the trial court did accept Outdoor's estoppel argument, finding that the prerequisites to the application of equitable estoppel against ADOT as a government entity existed in this case, citing *Freightways v. Arizona Corporation Comm'n*, 129 Ariz. 245, 630 P.2d 541 (1981). The court found that ADOT "clearly" knew all of the facts when it issued the permits in 1986 and that Outdoor could not have known the facts because it did not own the signs at that time. The court also found that ADOT intended that Outdoor act upon the issuance of the permits and that both the previous owners and Outdoor in fact relied upon these permits to their detriment. Finally, the court found that to cancel the permits after Outdoor had paid a considerable amount for the signs would create a

substantial injustice, and that allowing the signs to remain would not seriously affect the state's sovereignty or governmental powers. The court then reversed the order of the hearing officer. ADOT appeals from that judgment and order.

 Judicial review of an administrative agency decision is limited to determining whether the hearing officer's decision was arbitrary, capricious or an abuse of his discretion. *Schmitz v. Arizona State Board of Dental Examiners*, 141 Ariz. 37, 684 P.2d 918 (App.1984). Neither the trial court nor an appellate court may weigh the evidence, *DeGroot v. Arizona Racing Commission*, 141 Ariz. 331, 686 P.2d 1301 (App.1984), nor can either court substitute its judgment for that of the administrative agency. *Arizona Board of Regents v. Superior Court*, 106 Ariz. 430, 477 P.2d 520 (1970). In addition, if any inconsistent factual conclusions are supported by the record, there is substantial evidence to support an agency's decision that elects either conclusion. *Sundown Imports v. Arizona Department of Transportation*, 115 Ariz. 428, 565 P.2d 1289 (App.1977).

 Outdoor argues that it had a vested right to the signs because it invested substantial sums to acquire them in reliance on validly-issued permits. We disagree. As Division One of this court has previously held, a vested right arises where a permit has been lawfully issued and there has been substantial reliance upon the issuance of that permit and considerable expense incurred. *Town of Paradise Valley v. Gulf Leisure Corp.*, 27 Ariz.App. 600, 608, 557 P.2d 532, 540 (1976). In this case, the permits were not lawfully issued because they were in violation of A.R.S. § 28–2101. The signs subsequently constructed pursuant to those permits are unlawful sign structures under A.R.S. § 28–2105(C), and therefore vested no property rights in Outdoor. *National Advertising Co. v. Arizona Department of Transportation*, 126 Ariz. 542, 544–545, 617 P.2d 50, 54–55 (App. 1980). Outdoor's argument that ADOT merely changed its "interpretation" of the cotton fields and nearby gin as an integrat-

ed operation is not supported by the record. Neither the assumption by Outdoor's predecessor in interest that the permits were issued based upon such a finding, nor Outdoor's assertion that ADOT must have based its decision on this finding (because there is no other conceivable reason to have issued the permits) is sufficient.

 Outdoor argues that its actions, taken in reliance on the permits, support the application of estoppel in this case. "[El]stoppel will not lie as a defense against a state in the pursuit of its governmental functions. The state cannot be estopped from pursuing statutory remedies available to it because of alleged dilatory conduct of its officers in acting to enforce the remedy." *National Advertising Co. v. Arizona Department of Transportation, supra* at 544, 617 P.2d at 52. However, "where the application of estoppel will not affect the exercise by the state of its governmental powers and sovereignty, or bind it by unauthorized acts of its officers and employees, estoppel will, when justice dictates, be applied to the state." *Freightways, Inc. v. Arizona Corporation Comm'n, supra,* 129 Ariz. at 248, 630 P.2d at 544.

We agree with ADOT that the regulation of outdoor advertising is a reasonable and proper exercise of police power, as the promotion of highway safety and improvement of highway beautification. Therefore, it is a "matter affecting governmental or sovereign functions," and estoppel will not operate in this case against the state. This is not a situation where the government's wrongful conduct threatens to work a serious injustice. In *Freightways, Inc. v. Arizona Corporation Comm'n, supra,* the supreme court held that the corporation commission should be estopped from questioning the validity of a certificate of convenience and necessity issued 50 years earlier where the certificate had expired prior to the holder's filing an application for its renewal. The court found that a half a century was sufficient time for a "void certificate [to] ripen into a valid certificate." *Id.* at 248, 630 P.2d at 544. In this case, Outdoor had owned the signs less than two years when ADOT discovered the

permits had been unlawfully issued. Unlike *Freightways,* where the certificate issued in 1929 was invalid merely because the application for renewal had not been timely filed and subsequent renewals of the certificate were legitimate, the structures in this case were unlawful when erected in 1986 and continued to be unlawful. Under the facts of this case, justice does not dictate that estoppel be applied.

Reversed and remanded for proceedings consistent with this opinion.

LIVERMORE, C.J., and HOWARD, J., concur.