NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DARRYL D. JOHNSON, *Appellant.*

No. 1 CA-CR 13-0738

FILED 4-21-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-116636-001
The Honorable Brian Kaiser, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1     Defendant Darryl D. Johnson ("Johnson") appeals from his conviction and sentence for one count of possession of a dangerous drug for sale in an amount over the statutory threshold, a class two felony. Johnson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Johnson was granted leave to file a supplemental brief *in propria persona*, and did so on February 19, 2015.

¶2     Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1] Finding no reversible error, we affirm.

### Facts and Procedural History[2]

¶3     On March 26, 2012, Johnson, accompanied by his girlfriend, arrived at the drive-thru window of a Walgreens Pharmacy and presented a prescription, written for his girlfriend, for 120, thirty-milligram Oxycodone pills. Suspecting the prescription was fraudulent, the pharmacist took the prescription, and instructed Johnson to return in half

---

[1]     Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]     We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

an hour. The pharmacist verified the prescription was fraudulent with the prescribing doctor and alerted police.

¶4        When Johnson arrived back at the Walgreens, two police officers made contact with Johnson and his girlfriend. After separately interviewing Johnson and his girlfriend about the fraudulent prescription, the officers placed both Johnson and his girlfriend under arrest. An officer searched Johnson's vehicle and discovered a large amount of methamphetamine in a pink bag in the trunk. Johnson was then transported to the jail for further questioning.

¶5        At the jail, Johnson was interviewed by Detective Dersa about the false prescription and the methamphetamine. During the interview, Johnson told Detective Dersa about his involvement in the trafficking of drugs from Mexico into various states throughout the country. Johnson also explained that he had been fronted the methamphetamine and could give Detective Dersa information about a very large drug deal occurring the next morning. Based on the detail of Johnson's account, Detective Dersa believed he was relaying accurate information; however, because Johnson refused to give any specifics about the drug deal occurring the next morning without being released, Detective Dersa ended the interview and left Johnson in jail.

¶6        On April 2, 2012, a Maricopa County Grand Jury indicted Johnson, charging him with one count of illegally conducting an enterprise, a class three felony; one count of attempted illegally obtaining or procuring administration of narcotic drugs, a class four felony; and one count of possession of a dangerous drug for sale in an amount over the statutory threshold, a class two felony.

¶7        At trial, Johnson was convicted of one count of possession of a dangerous drug for sale in an amount over the statutory threshold, a class two felony. He was sentenced to eight years flat time in prison with 162 days credit for time served prior to sentencing.

**Discussion**

¶8        We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Johnson was present and represented by counsel at all critical stages of the proceedings. At sentencing, Johnson and

his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶9 In his *pro per* brief, Johnson claims that the clerk's audio/visual ("AV") recordings of the proceedings and the transcript on appeal have been altered. Specifically, Johnson claims that the clerk's AV recording and the transcript of the jury polling should reflect the fact that Juror No. 5 was questioned twice but never answered. Thus, although there were eight jurors present, only seven jurors gave a guilty verdict when polled. Johnson contends that the transcript and AV recording in the record, which shows that eight jurors were polled and all eight agreed on their guilty verdict, is a false, "tampered" version of the original, true record. Johnson further claims he had a forensic analysis performed on the clerk's AV recording that showed the recording was altered.

¶10 Based on his claim of the "altered" record, Johnson asserts that the trial court erred in entering a judgment of guilt because the record does not show there was a unanimous verdict from eight jurors. Ariz. Const., art. 2, § 23 (providing that in Arizona, an eight-person jury is required for all criminal cases in which the sentence authorized by law is less than thirty years); A.R.S. § 21-102(B) (same); *State v. Thorne*, 193 Ariz. 137, 138 (App. 1997) (same).

¶11 On appeal, our review is limited to the record before us. *City of Tucson v. Ruelas*, 19 Ariz. App. 530, 531 (1973). We can only consider those matters which are presented to us. *McKinley v. Greyhound Park*, 5 Ariz. App. 93, 94 (1967). It is an appellant's duty to include any portions of the record he believes is necessary to resolve his appeal. *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 189 (App. 1984). "[W]here an incomplete record is presented to an appellate court, the missing portions of that record are to be presumed to support the action of the trial court." *Cullison v. City of Peoria*, 120 Ariz. 165, 168 n.2 (1978).

¶12 Johnson fails to include an "unaltered" version of the AV recordings in the record on appeal, even though he admits his defense counsel had access to an "unaltered" copy of the recording on his iPad. Johnson also fails to include the forensic report allegedly finding that the original AV recording had been altered.

¶13 Moreover, in the only records available to us on appeal, both the clerk's AV recording and the transcript show that eight jurors were polled and the guilty verdict was unanimous as to all eight. Initially, ten jurors were seated. Juror No. 1 was dismissed at the beginning of the first

day of trial, and Juror No. 5 was designated the alternate. After reaching and delivering their verdict, the record shows that Jurors No. 2, 3, 4, 6, 7, 8, 9, and 10 were polled, and each juror affirmed their guilty verdict.

¶14        Accordingly, Johnson received a unanimous verdict from eight jurors, and the trial court did not err in entering its judgment of guilt. Therefore, we affirm Johnson's conviction and sentence.

¶15        Counsel's obligations pertaining to Johnson's representation in this appeal have ended. Counsel need do nothing more than inform Johnson of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Johnson shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

