NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MARIA ANA JASSO, *Petitioner/Appellant*,

*v.*

JOSE ANTONIO JASSO, *Respondent/Appellee*.

No. 1 CA-CV 17-0385 FC
FILED 6-19-2018

Appeal from the Superior Court in Maricopa County
No. FC 2011-006871
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Michael E. Hurley, Attorney at Law, Phoenix
By Michael E. Hurley
*Counsel for Petitioner/Appellant*

Alzate DuComb Law Firm PLLC, Phoenix
By Henry Alzate
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

¶1          Maria Ana Jasso ("Wife") appeals the superior court's rulings enforcing the dissolution decree's division of property and denying her motion for new trial.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2          Wife and Jose Antonio Jasso ("Husband") married in 1985.  In October 2011, Wife filed a petition for dissolution of marriage, listing a home on Cypress Street ("Cypress Home") and a home on 36th Avenue ("Avenue Home") as community property.   Wife requested in her petition that she be given the Cypress Home and Husband be given the Avenue Home.  She then filed an application and affidavit for default, and because Husband failed to plead or otherwise defend within 10 days, entry of default became effective in January 2012.  *See* Ariz. R. Fam. Law P. ("ARFLP") 44(A)(2)-(4).  The following month, Husband signed a quitclaim deed in favor of Wife for the Avenue Home.  A few days later, the superior court issued a default decree of dissolution of marriage, which awarded the Cypress Home to Wife and the Avenue Home to Husband.

¶3          In March 2016, Husband filed a pro per petition to enforce the decree's division of property, requesting in part that Wife sign a quitclaim deed.  He also asked for full control of the Avenue Home, which Wife allegedly had been renting out since the divorce, as well as relief from all financial obligations related to the Cypress Home.  In her response to the petition to enforce, Wife requested in part that the court "[c]onfirm the quitclaim deed Husband executed to Wife" and "[c]onfirm that Wife is the sole owner of the [Avenue Home]."

¶4          The superior court eventually conducted a trial on Husband's petition to enforce.   In their amended pretrial statements, Husband requested complete control of the property he was awarded in the decree, while Wife contended, based on equitable estoppel and estoppel by deed, that "Husband should be <u>estopped</u> [from] deny[ing] that he deeded the

2

[Avenue Home] to Wife and to assert his ownership thereof." Shortly after the hearing, the court granted Husband's petition to enforce, ordering that Husband be awarded the Avenue Home pursuant to the decree and that the parties execute a "new deed . . . to align with the Court's ruling." The court also ordered the parties to refinance both homes so that Wife was no longer responsible for the mortgage on the Avenue Home and Husband no longer responsible for the mortgage on the Cypress Home.

¶5        Wife moved for a new trial, arguing the superior court did not address her estoppel arguments and improperly ordered her to refinance the homes. The court denied her motion for new trial in part and Wife appealed. We stayed the appeal to allow the superior court to finish ruling on the motion for new trial, and when the court did so, it rescinded the order that the parties refinance the homes. We then reinstated this appeal.

## DISCUSSION

¶6        This appeal relates only to the superior court's decision to enforce the decree's division of property. In an attempt to show the court erred in granting Husband's petition to enforce and denying her motion for new trial, Wife focuses her arguments solely on equitable estoppel and estoppel by deed.

¶7        When it granted Husband's petition to enforce, the superior court reasoned:

> Wife failed to file a Motion for New Trial or to Amend the Judgment pursuant to [ARFLP 83]. Nor did either party file a Motion to Correct Mistake or Relief from Judgment pursuant to [ARFLP 85]. The Default Decree indicates it is a final, appealable order and neither party filed an appeal. Former Wife had many remedies available to her after the Default Decree was entered, none of which she pursued. The Default Decree is the final order of the Court and controls the disposition of property in this case.

Addressing Wife's motion for new trial, the court clarified its prior reasoning:

> As to [Wife's] argument that equitable estoppel applies in this case and the Court failed to address it in its ruling, the Court by its silence found equitable estoppel does not apply to the facts of this case. Here, although a quit claim deed was signed on the [Avenue Home] on February 28, 2012, three days

before the Default Decree, Wife prepared and entered, her own Default Decree awarding that same house to Husband. She sought no remedies available under [ARFLP] 83 or 85 nor did she file an appeal. Equitable estoppel may have applied here if despite the Default Decree Husband signed a quit claim deed *after* the Default Decree but that is not what occurred. It was signed three days <u>before</u> a final order, the Default Decree, was entered. Equitable estoppel nor estoppel by deed apply.

**¶8** On appeal, Wife does not address the superior court's conclusion that the decree controls the disposition of property in this case, or the finding that Wife failed to seek remedies under ARFLP 83 and 85 after submitting the decree ultimately entered by the court. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-327(A) ("The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state."); *see also Schmidt v. Schmidt*, 158 Ariz. 496, 498 (App. 1988) (explaining that the "conditions justifying the reopening of a judgment" under A.R.S. § 25-327(A) are found in Rule 60 of the Arizona Rules of Civil Procedure); ARFLP 85 cmt. ("This rule is based on Rule 60, Arizona Rules of Civil Procedure."). Similarly, Wife makes no attempt to address the impact of these conclusions or findings on her estoppel theories. Wife's arguments in this regard are therefore deemed waived and abandoned. *See Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180, ¶ 17 (App. 2004) ("Generally, we will consider an issue not raised in an appellant's opening brief as abandoned or conceded."); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived.").

**¶9** Accordingly, even if the superior court applied the incorrect legal standard for equitable estoppel and estoppel by deed, or erred in analyzing these two defenses, the court properly granted Husband's petition to enforce and denied Wife's motion for new trial based on the unchallenged grounds addressed above. *See Lorenz v. State*, 238 Ariz. 556, 558, ¶ 10 (App. 2015) ("We will affirm the superior court's ruling if it was correct for any reason."); *Nat'l Advert. Co. v. Ariz. Dep't of Transp.*, 126 Ariz. 542, 544 (App. 1980) ("We can consider only those matters which are presented to us.").

**CONCLUSION**

¶**10**    For the foregoing reasons, we affirm the superior court's rulings granting Husband's petition to enforce the decree's division of property and denying Wife's motion for new trial.  Wife and Husband both request an award of attorneys' fees pursuant to A.R.S. § 25-324, which allows a court to award a reasonable amount of attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."  In our discretion, we deny their requests.  As the successful party on appeal, Husband is awarded taxable costs upon his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA