[Civil No. 2341. Filed November 6, 1925.]

[240 Pac. 339.]

MARY McLENNAN, Appellant, v. ELSIE PEARL McLENNAN, Appellee.

1. INSURANCE—BENEFICIARY IN BENEFIT CERTIFICATE HAS NO VESTED INTEREST THEREIN UNTIL DEATH OF INSURED. — Beneficiary in benefit certificate has no vested interest therein until death of insured member, and up to such time the latter may change his designation of beneficiary at will.

2. INSURANCE—INSURED MUST CHANGE BENEFICIARY IN MANNER REQUIRED BY CERTIFICATE AND BY-LAWS OF ASSOCIATION.—Insured in benefit certificate must change beneficiary in manner required by certificate and by-laws of association, and any material deviation from the method required will invalidate the change of beneficiary.

3. INSURANCE—ORIGINAL BENEFICIARY CANNOT COMPLAIN OF NONCOMPLIANCE WITH REGULATIONS PERTAINING TO CHANGE OF BENEFICIARY, WHERE ASSOCIATION WAIVES STRICT COMPLIANCE.—Where a fraternal benefit association waives a strict compliance with its own rules pertaining to change of beneficiary or issues new certificate to member on his request for change of beneficiary,

---

1. See 19 R. C. L. 1292.
2. See 19 R. C. L. 1296.
3. See 19 R. C. L. 1297.

the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued.

4. Insurance—If Insured is Unable to Comply Literally With Regulations Governing Change of Beneficiary, Court of Equity will Treat Change as Having Been Regularly Made.—If insured in benefit certificate is unable to comply literally with regulations of society pertaining to change of beneficiary, a court of equity will treat his attempt to change it as a change regularly made.

5. Equity—Court of Equity will Uphold as Valid Attempted Change of Beneficiary, not Complying With Regulations Because of Death of Insured.—If insured member in fraternal benefit society has pursued the course pointed out by the laws of the association pertaining to a change of beneficiary, and has done everything in his power to make the change, but dies before the new certificate is actually issued, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued.

6. Insurance—Filing by Benefit Association of Bill of Interpleader to Determine Legal Beneficiary Held not Implied Waiver of Its Rules Applicable to Change of Beneficiary.—The fact that a fraternal benefit association filed a bill of interpleader to determine whether original beneficiary or the one attempted to be substituted by insured member was entitled to the amount due under the certificate *held* not an implied waiver of its rules applicable to change of beneficiary.

7. Insurance—Attempted Change of Beneficiary in Benefit Certificate Held Void.—Attempted change of beneficiary in benefit certificate was void, where it did not comply with the rules of the association as to which there was no waiver, and it appeared insured could have changed the beneficiary in conformity with the regulations, constitution and by-laws of the association.

See (1) 29 **Cyc.**, p. 126.　(2) 29 **Cyc.**, p. 130.　(3) 29 **Cyc.**, p. 135. (4) 29 **Cyc.**, p. 133.　(5) 29 **Cyc.**, p. 134.　(6) 29 **Cyc.**, p. 136. (7) 29 **Cyc.**, p. 130.

APPEAL from a judgment of the Superior Court of the County of Navajo. J. E. Crosby, Judge. Affirmed.

Messrs. Ferguson & Axline, for Appellant.

Mr. C. B. Wilson, for Appellee.

LOCKWOOD, J.—On the nineteenth day of December, 1910, the Brotherhood of Railroad Trainmen, a fraternal benefit association, organized under the laws of Ohio, issued a benefit certificate to Robert A. McLennan, hereinafter called the insured. Mary McLennan, the mother of the insured, hereinafter called appellant, was named as beneficiary under the certificate. Under its terms the constitution, rules and regulations of the Brotherhood became a part thereof. Section 62 of the constitution reads as follows:

"Transfer of Beneficiary Certificates.

"Sec. 62. Any member desiring to transfer his beneficiary certificate shall fill out the printed transfer on the certificate and sign his name thereto, and send the same to the general secretary and treasurer, through the secretary of a lodge of the Brotherhood. All transfers of beneficiary certificates shall be made upon the books of the Grand Lodge under the direction of the general secretary and treasurer, and any and all transfers made in any other manner shall be null and void. It shall be the duty of the general secretary and treasurer, immediately upon its receipt, to certify to such transfer in the form provided therefor in the certificate."

On June 1st, insured revoked his directions as to the beneficiary and directed the payment to be made to his wife, Elsie Pearl McLennan, hereinafter called appellee, and on July 2, 1920, the change of beneficiaries was duly noted on the records of the society. The request for change and its record were made in strict accordance with section 62, *supra,* and no attempt at further change was made until May 1st, 1921. On this latter date the insured either shot himself or was shot by some other person, the true facts apparently never being established. After the shooting he was taken to the Santa Fé Hospital in Albu-

29 Ariz.—13

querque, New Mexico, and while on the train on his way there he executed the following document:

"Dated May 1st, 1921.

"I, Robert McLennan, being of sound mind and without duress, do hereby transfer insurance policy in the Brotherhood of Railway Trainmen in the sum of sixteen hundred ($1,600.00) dollars, payable to my wife, Elsie McLennan, to my mother, Mrs. K. J. McLennan, of 415 Second Northeast, Calgary, Alberta, Canada. Said insurance policy is now in the hands of E. D. Kitzmiller, of Winslow, Arizona.

"Dated at Winslow, Arizona, this 1st day of May, 1921.

"[Signed] R. A. McLENNAN.

"State of Arizona, County of Navajo—ss.:

"Subscribed and sworn to before me this 1st day of May, A. D. 1921.

"[Seal]              G.  C.  BAZELL,
                      "Notary Public.

"Commission expires March 27, 1924."

The insured, after reaching Albuquerque, was transferred to the Santa Fé Hospital in Los Angeles, California, reaching there the 4th of May. Appellee accompanied him at his request on both of these trips.

On receipt of the document above quoted, the secretary of Winslow Lodge, No. 477, of the Brotherhood of Railroad Trainmen, of which local insured was a member, forwarded it to the home office of the Brotherhood in Ohio. It was returned to the forwarder in due course by the secretary of the Grand Lodge, with a letter stating that the transfer was not lawful, and that the Grand Lodge would not accept it, and requesting the local secretary to get the original certificate and fill out the blank thereon in proper shape, and send it to the Grand Lodge, so that the transfer could be made in the proper manner. At the time of the alleged transfer of May 1st, the certificate was not in the possession of the insured, but was forwarded to him some time prior to June

5th, and from that time until his death was in his possession.

On receipt of the letter from the Grand Lodge, the secretary of the local lodge wrote several letters to the insured, instructing him to send in the certificate with the transfer properly indorsed thereon, because the Grand Lodge would not accept the assignment or transfer of May 1st. Finally, about the 1st of June, the insured wrote the local secretary, asking for a blank on which he could make a request that the amount of the certificate be paid to him; it providing in the terms the insured himself might become the beneficiary on the ground of disability. He also wrote to a friend, stating that he was making these arrangements, so that he could use the money to go into business. This disability claim, however, was never completed, as insured died June 15th, 1921. Proof of death was made by both appellant and appellee, and the Brotherhood refused to pay either party, but filed its bill of interpleader and deposited the amount due under the certificate with the clerk of the court.

The case was heard before the court without a jury, and judgment was entered, directing payment of the money to appellee, from which judgment appellant is prosecuting this appeal.

There are five assignments of error, but the case was presented, both in the briefs and on oral argument, as a whole, and we will therefore consider it in that manner. The real issue is whether or not the document dated May 1st, 1921, is valid as a change of beneficiary. If it is, the judgment must be reversed; if it is not, it should be affirmed.

The general rule of law applicable to the case may be stated as follows: Under insurance certificates of this nature, the beneficiary has no vested interest in the certificate until the death of the insured member.

Up to such time the latter may change his designation of beneficiary at will. In making such change, however, the insured is bound to do it in the manner pointed out by the certificate and the by-laws of the association, and .any material deviation from this course will invalidate the transfer.

There are, however, three exceptions to this general rule requiring an exact conformity to the regulations of the association: (1) If the society has waived a strict compliance with its own rules, or in pursuance of a request of the insured to change his beneficiary has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. (2) If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been regularly made. (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but before the new certificate is actually issued he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued. The rule is set forth in the leading case of *Supreme Conclave, Royal Adelphia,* v. *Cappella* (C. C.), 41 Fed. 1, in which the authorities are collated and the reason for the rule and its exceptions laid down, and this case has been generally followed since its adoption in practically all jurisdictions where the question has arisen; the only dispute being as to whether or not the particular case in question falls within the rule or one of the exceptions.

Let us consider the evidence in the case at bar in the light of these rules of law. Plainly the document of May 1st was not a substantial compliance with section 62 of the constitution of the Brotherhood;

but do the facts bring the case within one of the exceptions? The record shows that the Brotherhood refused to accept this document as a regular transfer, and returned it for this reason, and it is not contended there was ever any new certificate issued, or direct waiver of section 62, *supra*.

It is claimed, however, that by filing its bill of interpleader the Brotherhood impliedly waived its provisions. This, however, is not the general rule. *Modern Woodmen of America* v. *Headle*, 88 Vt. 37, L. R. A. 1915A, 580, 90 Atl. 893; *Knights of Maccabees of the World* v. *Sackett et al.*, 34 Mont. 357, 115 Am. St. Rep. 532, 86 Pac. 423.

Nor does it fall under exception No. 2. At the time this document of May 1st was signed, it might be claimed the certificate was not in the possession of the insured, so that he could indorse the transfer on the back, and had he died immediately after that date, and before he received his certificate, there would be merit in the contention. The record shows, however, that he lived six weeks after his injury, during the last two of which he had the certificate in his possession, was of sound mind, and had been notified that the transfer of May 1st was invalid and would not be recognized. It was certainly not beyond his power to comply with the regulations.

The same situation appears as regards exception (3). He had failed to do all that was within his power to change the beneficiary, and had neglected and refused, after being notified of the invalidity of the attempted transfer, to take the steps necessary to validate it. We are satisfied that by the overwhelming weight of authority no valid change of beneficiary was ever made from appellee. Such being the case, on the death of insured, she was entitled to recover under the terms of the certificate, and the trial court properly rendered judgment in her favor.

For the foregoing reasons, the judgment of the trial court is affirmed.

McALISTER, C. J., and ROSS, J., concur.