ANGELO MARTINELLI, Plaintiff, v. CHARLES COMETTI, as Executor, etc., of MORRIS MARTINELLI, Deceased, and Others, Defendants, Impleaded with HALCOMB STEEL COMPANY.

Supreme Court, Onondaga County, March 28, 1929.

*Scully & Hogan*, for the plaintiff.

*Lee J. Marshall* [*Charles A. Wilkins* of counsel], for the individual defendants.

WILLIAM M. Ross, Official Referee. The defendant Halcomb Steel Company, in June, 1919, gave to one of its employees, Morris Martinelli, a policy issued by the Ætna Life Insurance Company in what is termed group insurance.

The policy was originally for $600, and thereafter from year to to year, additional policies were issued until at the time of the death of the insured in 1927, there was due or has been paid into court $1,400.

The policies issued in 1920 and 1921 were payable " by the Halcomb Steel Company to the beneficiary named by you (the insured)," and the plaintiff produced in evidence a card delivered by the insured in which he named the plaintiff, Angelo Martinelli, as his beneficiary.

The policies subsequently issued contained the following: " The amount of insurance then in force upon your life will be payable by the Halcomb Steel Company to your last duly designated beneficiary. The beneficiary may be changed by you at any time subject to the approval of the Halcomb Steel Company."

The insured, Morris Martinelli, died in December, 1927, leaving

a last will by the terms of which he bequeathed a considerable portion of the amount which would become due and payable out of his life insurance to the defendants Mary Tarolli and Ermengilda Dossi, the daughters of the testator.

The insured, Morris Martinelli, at the time of or shortly after the delivery of the first aforesaid policy, delivered to the Halcomb Steel Company a card which named his son, the plaintiff, Angelo Martinelli, as his beneficiary, and the question involved here is, had the insured the right to change the beneficiary by the terms of his last will.

The contest here is in fact between the children of the insured and in form between the plaintiff beneficiary named by the insured, the deceased, and the executor of the insured. No notice of a change in the beneficiary was served by the insured upon the Halcomb Steel Company.

The plaintiff cites the case of *Seavers* v. *Metropolitan Life Ins. Co.* (132 Misc. 719). The certificate of insurance contained a provision as to how a change of beneficiary was to be effected and contained, with other matters, the following: " Such change shall take effect upon indorsement covering the change by the Company on such certificate, and not before." Such change was made in favor of the defendant Childs.

The plaintiff, the widow of the assured, claimed under the will of her deceased husband and it was held that the insured could only give to his wife the benefit of the policy by a compliance with the conditions imposed and it was held that this had not been done.

In the case of *Schoenholz* v. *N. Y. Life Ins. Co.* (234 N. Y. 24) the action was brought by the widow of the insured. The terms of the policy provided the method under which a change in beneficiary could be made which was not complied with. The action was against the insurance company which had a special interest in defending, as it was at least a question whether it might not be liable to the beneficiary first designated.

The court held that the plan fixed in the policy for changing the beneficiary had not been complied with and refused relief to the plaintiff.

In the case of *Strianese* v. *Metropolitan Life Ins. Co.* (221 App. Div. 81) the insured died before the policy was presented at defendant's office as required by the terms of the policy effecting a change, and of course no recovery could be had by the substituted beneficiary.

There is no question that an existing beneficiary in the policy of insurance is protected until the conditions imposed by the contract are complied with. (*Fink* v. *Fink*, 171 N. Y. 616.) As to

the policies issued in 1920 and 1921, in the instant case no conditions were required to effect a change in the beneficiary except to name such beneficiary.

The approval of the Halcomb Steel Company is an objection that can only be availed of by that company. Presumably the company inserted this clause to protect its rights in any matter which might arise and not to limit the insured in disposing of his interest as he desired.

Judgment for the defendant Charles Cometti, as executor. Said defendant is entitled to the money paid into court and is entitled to costs.

Findings to be prepared.