383 P.2d 169

**Elsie May DOSS, Executrix of the Estate of Richard Harvey Doss, also known as Richard H. Doss, Appellant,**

**v.**

**Margaret KALAS, Guardian of the Estate of Shelley Jo Doss, Appellee.**

**No. 7293.**

Supreme Court of Arizona.

In Division.

June 26, 1963.

Ramon R. Alvarez, Douglas, for appellant.

Darrel G. Brown, Tucson, for appellee.

LOCKWOOD, Justice.

This is an appeal by Elsie May Doss, as executrix of the Estate of Richard H. Doss, deceased, from an order and decision of the superior court rejecting her contention that decedent's will gave her the right to administer the proceeds from two life insurance policies for the benefit of the two surviving minor children.

Richard H. Doss died on the 14th day of September, 1959, a resident of Cochise County, Arizona. During his life he had been married to two different women and there was one child of each marriage. Elsie May Doss, to whom he was married at the time of his death, is the mother of Darryl Preston Doss, and appellant in this action. Margaret Kalas was formerly decedent's wife and is the mother of Shelley Jo Doss. She, as guardian of the estate of her daughter, Shelley, is appellee herein. At the time of his death decedent was in-

sured by two Equitable Life Assurance Society of the United States Life insurance policies, numbers 4161 and 4161DA, in the amount of Six Thousand ($6,000.00) Dollars each. The beneficiaries of the two policies were the minor children of the decedent, Darryl Preston and Shelley Jo Doss, who were to share equally in the proceeds, according to the last records received by the insurance company. Both policies reserved to the insured the right to change the beneficiaries; policy No. 4161DA provided for a specific procedure to be followed to effect the change, but policy No. 4161 did not.

Richard H. Doss died leaving a will. A printed form with blanks for the testator to fill in was used. In the appropriate space is typed the name of "my wife, Elsie May Doss" as executrix of the last will and testament, and immediately thereafter the typed wording "and guardian of my insurance to be divided between my son, Preston and my daughter Shelley after all funeral bills have been paid from said insurance."

Appellant was appointed executrix of the will by the superior court in its probate capacity. Later appellant petitioned for appointment of herself as trustee under the will to administer the insurance proceeds as a trust for the benefit of Preston Doss and

Shelley Jo Doss. On August 26, 1960, the court ordered her appointment as trustee of the proceeds of the two insurance policies. However, upon motion for rehearing made by appellee, mother of Shelley Jo Doss, the court revoked the order of August 26, 1960, and ordered the petition of appellant for appointment as trustee denied. It further ordered that she, as guardian of the person and estate of Darryl Preston Doss, was entitled to one-half of the proceeds of the insurance policies; and that appellee, as guardian of the person and estate of Shelley Jo Doss, was entitled to the other one-half of the proceeds, and that appellant should deduct from the proceeds of the insurance policies then in her possession [1] the amount of the funeral bill of the deceased "prior to division of the proceeds as herein ordered."

Appellant claims that the will was an effective method of changing the beneficiary as to policy No. 4161 and that it created a valid trust of the proceeds of both policies which appellant as trustee was entitled to administer.

To determine whether the will effected a change of beneficiaries we consider each insurance policy separately. Insurance policy No. 4161DA provides as follows:

"The employee [the insured] may from time to time during the continu-

---

1. Prior to the hearings, appellant had already received from the insurance company the sum of Twelve Thousand One Hundred Thirteen Dollars and Seventy- Four Cents ($12,113.74) in payment of the life insurance policies on the deceased.

ance of the insurance change the beneficiary by a written request, upon the Society's blank, filed at its Home Office, but such change shall take effect only upon the receipt of the request for change at the Home Office of the Society."

The law is not in agreement whether such a requirement must always be followed to effect a change of beneficiaries. 25 A.L.R.2d 999. In McLennan v. McLennan, 29 Ariz. 191, 240 P. 339 (1925) this court stated that if an insurance policy contract provides the method of changing the name of the beneficiary from one person to another, that particular method provided for in the policy contract is exclusive and must be followed strictly, or the attempted change if of no effect.[2] See Cook v. Cook, 17 Cal.2d 639, 111 P.2d 322 (1941). The rationale generally used for such holding is amply illustrated in Stone v. Stephens, 155 Ohio St. 595, 99 N.E.2d 766, 25 A.L.R.2d 992, 996 (1951) quoting from Wannamaker v. Stroman, 167 S.C. 484, 166 S.E. 621, 623 (1932):

" 'To hold that a change in beneficiary may be made by testamentary dis-

position alone would open up a serious question as to payment of life insurance policies. It is in the public interest that an insurance company may pay a loss to the beneficiary designated in the policy as promptly after the death of insured as may reasonably be done. If there is uncertainty as to the beneficiary upon the death of insured, in all cases where the right to change the beneficiary had been reserved there would always be a question as to whom the proceeds of the insurance should be paid. If paid to the beneficiary, a will might later be probated designating a different disposition of the fund, and it would be a risk that few companies would be willing to take, * * *.' "[3]

■ Other authorities, however hold that when the power to make a change of the beneficiary is reserved to the insured by the policy, and the insurer does not demand full compliance with the procedure to effect the change as set out in the policy, the insured may change his beneficiary by a valid will.

2. In McLennan v. McLennan, supra, before his death the insured attempted to change the beneficiary by a method other than that provided for in the policy. The insurer refused to accept the change and advised him he must follow the procedure set forth in the policy. The insured then died, leaving a will which attempted to change the beneficiary. Later the insurer interpleaded, and we

held the interpleader did not constitute a waiver in view of the fact that the insurer had previously indicated its intent to insist on compliance with the change of beneficiary provision in the policy.

3. In Stone v. Stephens, supra, the court divided in a 4–3 decision, the two dissenting opinions follow the reasoning of Sears v. Austin, infra.

"We feel that the provisions of this policy setting up the method by which a beneficiary may be designated or changed are for the protection of the insurer, and we do not feel that the technical provisions are placed in the policy to protect the insured against hasty or impetuous action. In the case now before this court, the insurer is no longer a party, and the battle is between possible beneficiaries. Since this is the case, there is no reason to invoke technical provisions designed to protect an insurer against the possibility of double payment. We feel that the clearly manifested intent of the insured should control." Sears v. Austin, 292 F.2d 690, 693 (9th Cir. 1961).

We believe that the latter rule is founded on the better reasoning. The provisions in a policy of insurance as to the procedure for making a change of beneficiary are for the benefit of the insurer. If the insurer does not choose to require enforcement thereof, and the rights of the respective claimants alone are before the court, the intent of the insured should govern. Sears v. Austin, supra; Stone v. Stephens, supra (dissenting opinion); Pedron v. Olds, 193 Ark. 1026, 105 S.W.2d 70 (1937); Martinelli v. Cometti, 133 Misc. 810, 234 N.Y.S. 389 (1929)

 The beneficiary, during the life of the insured, has no vested right which the law protects and the insured, if the right to name the beneficiary is not irrevocable, may change the beneficiary without his consent and without notice to him. Stone v. Stephens, supra (dissenting opinion); Pedron v. Olds, supra; 1 Underhill, Law of Wills, p. 71. The manner or procedure to effect such change being for the benefit of the insurer, may not be questioned by a beneficiary if the insurer does not demand compliance.

█ It should be noted that although a will ordinarily speaks from the time of the death of the testator as to any bequests or legacies therein contained, a provision in a will changing the beneficiary in a life insurance policy operates as an expression of intent which occurred at the time of making the will, during the lifetime of the insured. Stone v. Stephens, supra (dissenting opinion).

█ In the earlier Arizona case, McLennan v. McLennan, supra, which followed the first line of reasoning as quoted above, the insurance company received a copy of an instrument which attempted a change of beneficiaries by the insured before the death of the insured. The insurance company however returned it to the insurer stating "that the transfer was not lawful, and that the Grand Lodge would not accept it," indicating that the insurer intended to inforce the required procedure. In the instant case appellant, the new beneficiary

named under the will, who was to hold the proceeds for the benefit of both original beneficiaries (the children), received payments in full from the insurance company for the policy proceeds without obection to the change in beneficiary by will. The insurance company therefore in effect acquiesced in the change of beneficiaries by the insured in his will.

Since policy No. 4161 merely reserved the right to change the beneficiaries without specifying any particular method and the original beneficiary has no vested right in the policy it follows that a change was properly effected by will.

We find that the trial court erred in reversing its first order decreeing that the proceeds of the insurance policies passed to appellant as trustee, first for the payment of the funeral bills, and then in equal proportion to the minor children of the insured. The insured, by his will, nominated appellant as "guardian of my insurance." The language of a will must be liberally construed with a view to carrying into effect what the will as a whole shows was the real intent of the testator. In re Conness' Estate, 73 Ariz. 216, 240 P.2d 176 (1952); Newhall v. McGill, 69 Ariz. 259, 212 P.2d 764 (1949). It is clear here that the insured testator intended that the insurance proceeds not go directly to the minor children, but rather that they should be distributed to the appellant to administer for the children, after having paid the funeral debts. All the essential elements of a valid trust are present in this case: (a) a competent settlor, and a trustee (the appellant); (b) a clear and unequivocal intent to create a trust (the word "guardian" in its context clearly indicates a trustee relationship); and (c) an ascertainable trust res (the proceeds of the insurance policies); and (d) sufficiently certain beneficiaries (the two minor children). Carrillo v. Taylor, 81 Ariz. 14, 299 P.2d 188 (1956).

Reversed and remanded with instructions to proceed in accordance with this opinion.

BERNSTEIN, C. J., and JENNINGS, J., concur.