733 P.2d 673

**Robert E. BURKETT,**
**Defendant/Appellee,**

v.

**Suzanne Jean MOTT, by her guardian ad litem MARICOPA COUNTY PUBLIC FIDUCIARY, Defendant/Appellant.**

**Nos. 2 CA–CV 5943, 2 CA–CV 5944.**

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 18, 1986.

Keil & Keil by Martin F. Keil, Glendale, for defendant/appellee.

Tom Collins, Maricopa Co. Atty. by Barbara Lee Caldwell, Phoenix, for defendant/appellant.

## OPINION

LACAGNINA, Judge.

Suzanne Jean Mott, through her guardian ad litem, appeals from a summary judgment awarding Robert Burkett funds interpleaded by Metropolitan Life Insurance Company and costs.

The court stated in its order granting summary judgment:

The Plaintiff Metropolitan has properly interpled the remaining disputed proceeds of this policy and has thereby waived its right to strictly enforce the change of beneficiary provisions of the policy. *Doss v. Kalas,* 94 AZ. 247, 250–252, [383 P.2d 169, 171–173] (1963); *Sears v. Austin,* 292 F.2d 690, 693 (9th Cir.1961); *Franklin Life Insurance Co. v. Mast,* 290 F.2d [F.Supp.] 671, 676 (9th Cir.1968 [D.C.Ariz.]). The intent of Patricia Burkett, the insured, is expressly and clearly established by her will, which shows that she intended that the policy be treated as personal property and that it go to Defendant Robert Burkett pursuant to A.R.S. 14–2513 as non-exempt personal property.

We affirm.

Patricia Burkett, an employee of the State of Arizona, designated Robert Burkett and Suzanne Mott as beneficiaries of a group policy issued by Metropolitan which provided death benefits of $10,000. According to the policy, she, as employee, could change her beneficiary by filing written notice with her employer, the State of Arizona. After receipt by her employer, the change related back to the date she signed the notice of change regardless of whether or not she was living at the time of receipt. In September of 1982, she executed a will which referred to a separate personal property list, attached to the will, which gave the Metropolitan policy benefits to Robert. She died in December of 1983, and thereafter, Metropolitan paid one-half the policy to Robert and interpled the balance. Mott argues the insurance policy is not personal property which can be disposed of by compliance with A.R.S. § 14–2513, because it is either money or evidence of indebtedness, both of which are excluded property under § 14–2513. In reality, she is questioning the effectiveness of the signed list of personal property which was appended to the will.

A beneficiary of a life insurance policy has no standing to question the manner or procedure effecting the change of beneficiary. The cases cited by the trial court, *Doss v. Kalas, supra; Sears v. Austin, supra;* and *Franklin v. Mast, supra,* unequivocally state that if the insurer does not demand full compliance with policy provisions for changing a beneficiary, the insured may change the beneficiary by a valid will. The cases clearly state that the provisions for change of beneficiary are for the protection of the insurer to prevent the possibility of double payment—nothing more. When the insurer invokes the interpleader rule, it waives strict, technical compliance with policy provisions, and the courts look to the manifested intent of the insured to determine whether a change of beneficiary has occurred. *Doss v. Kalas, supra; Sears v. Austin, supra.* Patricia Burkett's will and attached personal property list clearly manifest her intent to name Robert Burkett as the sole beneficiary of the Metropolitan policy, and her intent governs. If Robert Burkett sent her will along with the attached list to the State of Arizona, that would be substantial compliance with the provisions of the policy for change of beneficiary which require written notice to the employer, effective on the date the will was executed, even if received after the death of the insured. *Cf. In re Howard E. Homan v. Arizona Boys*

*Ranch, Inc.,* 152 Ariz. 358, 732 P.2d 588 (App.1986). A provision in a will changing the beneficiary of a life insurance policy operates as an expression of intent which occurs at the time of making the will. *Doss v. Kalas, supra; Sears v. Austin, supra.*

The trial court also correctly ruled that the life insurance policy was nonexempt personal property pursuant to A.R.S. § 14–2513 because that statute permits disposition of personal property not expressly excluded. The term "tangible personal property" as used in the statute was intended to define personal property in its broadest terms. Black's Law Dictionary defines personal property as follows:

> *Personal property.* In broad and general sense, everything that is the subject of ownership, not coming under denomination of real estate. A right or interest in things personal, or right or interest less than a freehold in realty, or any right or interest which one has in things movable.
>
> \* \* \* \* \* \*
>
> The term 'personal property' in its broadest legal signification includes everything the subject of ownership not being land or any interest in land, as goods, chattels, money, notes, bonds, stocks and choses in action generally, including intangible property. *Bismarck Tribune Co. v. Omdahl,* N.D., 147 N.W.2d 903, 906.
>
> Personal property includes money, goods, chattels, things in action, and evidences of debt. Calif.Evid.Code.
>
> Personal property is divisible into (1) corporeal personal property, which includes movable and tangible things, such as animals, furniture, merchandise, etc.; and (2) incorporeal personal property, which consists of such rights as personal annuities, stocks, shares, patents, and copyrights.

Black's Law Dictionary at 1096 (5th ed. 1979).

■ The legislature indicated its intent to adopt a broad definition of personal property when it designated the "tangible personal property" not included as follows: "evidences of indebtedness, documents of title and securities." This is property generally defined as intangible or incorporeal personal property. If the legislature had intended to exclude all intangible or incorporeal property, it was not necessary to specifically exclude only some of the many kinds of intangible or incorporeal personal property. The excluded intangibles are mentioned in the same sentence in the statute together with excluded tangibles such as money and property used in trade or business. This is a clear indication that the provisions of the statute give a testator the ability to dispose of all his personal property by separate list or statement except for that property expressly excluded. The legislature did not expressly exclude "all intangible personal property." Under the well-established rule of statutory construction, "expressio unius est exclusio alterius," "if a statute specifies one exception to a general rule, other exceptions are excluded." *Bushnell v. Superior Court,* 102 Ariz. 309, 311, 428 P.2d 987, 989 (1967); 2A Sutherland, *Statutory Construction* § 47.-23 at 194 (4th ed. 1984). Therefore, not having excluded executory contract rights, such as an insurance policy, from the list of personal property which can be disposed of by separate list or statement, Patricia Burkett correctly disposed of her insurance policy by the separate list attached to her will. The insurance policy at the time she executed her will was neither money nor evidence of indebtedness and therefore not excluded.

We affirm the trial court's award of costs to the successful party. A.R.S. § 12–341; *Trollope v. Koerner,* 21 Ariz. App. 43, 515 P.2d 340 (1973).

Affirmed.

HATHAWAY, C.J., and LIVERMORE, P.J., concur.