73 F.3d 218
 Bankr. L. Rep. P 76,745, 96 Cal. Daily Op. Serv. 49,
96 Daily Journal D.A.R. 143
In re William V. HARRELL.
Robert P. ABELE, Appellant,
v.
PHOENIX SUNS LIMITED PARTNERSHIP, Appellee.
 No. 94-16057.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Memorandum Nov. 30, 1995.
Order and Opinion Jan. 2, 1996.
 
 Jeffrey S. Leonard, Leonard Collins & Kelly, Phoenix, Arizona, for appellant.
 William J. Maledon, Meyer, Hendricks, Victor, Osborn & Maledon, Phoenix, Arizona, for appellee.
 Frank Rothman, Skadden, Arps, Slate, Meagher & Flom, Los Angeles, California, for amicus National Basketball Association.
 John R. Roberts, Placerville, California, for amicus National Association of Bankruptcy Trustees.
 Appeal from the United States District Court for the District of Arizona.
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* Senior District Judge.
 ORDER
 The request for publication is GRANTED.
 The memorandum disposition filed November 30, 1995, is redesignated as a per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Robert P. Abele, bankruptcy trustee ("Trustee"), appeals from the district court's order reversing in part and vacating in part two bankruptcy court orders permitting the Trustee to sell the debtor's Phoenix Suns ("Suns") regular season tickets, playoff tickets, and the opportunity to renew season tickets. Before this court, the Trustee argues that the district court erred in concluding that the opportunity to renew season tickets is not a property right under Arizona law.
 
 
 2
 We affirm the district court's judgment because we conclude that the opportunity to renew season tickets is not a property right under Arizona law.
 
 I.
 
 3
 The Suns generally permit season ticket holders to purchase playoff tickets and to renew their season tickets for the following year. The Suns, however, make it clear in written notices sent to season ticket holders each year that the "opportunity [to renew season tickets] is a privilege granted by the SUNS and may be withdrawn in the SUNS' discretion." The Suns' written policy further states that, "[w]hile the SUNS will exercise reasonable efforts to maintain renewal privileges, season ticket holders are not guaranteed this opportunity."
 
 II.
 
 4
 We review the bankruptcy court's interpretation of the Bankruptcy Code de novo. Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir.1986). 11 U.S.C. Sec. 541(a)(1) provides that commencement of a bankruptcy case creates an estate which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Although section 541(a)(1) is broadly worded, it does not define the terms "property" or "interest in property." Instead, section 541(a) "merely defines what interests of the debtor are transferred to the estate. It does not address the threshold questions of the existence and scope of the debtor's interest in a given asset." In re Farmer's Markets, Inc., 792 F.2d 1400 (9th Cir.1986).
 
 
 5
 Since the Bankruptcy Code itself does not determine the existence and scope of a debtor's interest in property, these threshold issues are properly resolved by reference to state law. Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); In re Contractor's Equip. Supply Co., 861 F.2d 241, 244-45 (9th Cir.1988). Accordingly, we must look to Arizona law to determine whether the opportunity to renew season tickets is a property interest.
 
 
 6
 Under Arizona law, a mere expectation of renewal of an interest in property is not a property right. In State ex rel. Miller v. Gannett Outdoor Co. of Arizona, Inc., 164 Ariz. 578, 795 P.2d 221 (App.1990), the Arizona Court of Appeals held that a lessee's expectation of continued lease renewals was not a property interest for which the lessee must be compensated when the underlying land is taken by condemnation by the state. The court emphasized the importance of the fact that "the lessor maintained the right not to renew the arrangement at the end of the term in any given year ..." 795 P.2d at 223.A tenant's right of renewal of a lease refers to a legal right, and this exists only when the lease expressly grants to the tenant the option to renew the lease at the end of its term. A mere expectation, or even probability, that the lease will be renewed based upon past practice and present good relations between landlord and tenant, is not a legal right of renewal. It is nothing more than a speculation on chance.
 
 
 7
 Id. 795 P.2d at 224-25 (citation omitted). Accord Whiteco Indus. v. City of Tucson, 168 Ariz. 257, 812 P.2d 1075 (Ct.App.1990) (expectancy of renewal of billboard lease is not a compensable property interest). In reaching its decision, the Gannett court cited Emery v. Boston Terminal Co., 178 Mass. 172, 59 N.E. 763 (1901), in which Chief Justice Holmes stated:
 
 
 8
 Changeable intentions [to renew a lease] are not an interest in land ... They added nothing to the tenant's legal rights ... Even if such intentions added to the salable value of the lease, the addition would represent a speculation on a chance, not a legal right.
 
 
 9
 Gannett, 795 P.2d at 223.
 
 
 10
 In Gannett, the court noted the similarities between a license and the renewal interest asserted by the lessee:
 
 
 11
 Like a license, the interest asserted by [the lessee] was not a fixed right that could be asserted against any other. It is of no moment that the landlord would continue to agree to the yearly leases. [The lessee] was powerless to stop the landlord from declining to renew a new year-long lease.
 
 
 12
 Id. 795 P.2d at 225.
 
 
 13
 The Gannett court's reasoning is equally applicable to the question whether the revocable opportunity to renew season tickets is a property interest. Like the landlord in Gannett, the Suns are not contractually obligated to renew a season ticket holder's account each year. Although season ticket holders are generally awarded the opportunity to renew, there is no guarantee that the Suns will extend the offer. Season ticket holders are powerless to stop the Suns from declining to do so. Moreover, even if the high probability of renewal of season tickets does add to the salable value of a season ticket account, "the addition would represent a speculation on chance, not a legal right." Id. 795 P.2d at 223. We agree with the district court that, under Arizona law, a season ticket holder's expectation of renewal of season tickets is not a property right.
 
 
 14
 The Trustee's reliance on the bankruptcy court's decision in In re I.D. Craig Service Corp., 138 B.R. 490 (Bankr.W.D.Pa.1992) is misplaced. In that matter, the bankruptcy court looked to the Third Circuit's interpretation of Pennsylvania law in In re Nejberger, 934 F.2d 1300 (3rd Cir.1991) in holding that a trustee could sell renewal rights for season tickets to watch the Pittsburgh Steelers play football. Id. at 495. Here, the bankruptcy court was required to apply Arizona law. As discussed above, under Arizona law the debtor's revocable opportunity to renew season tickets is not a property right. Therefore, the bankruptcy court erred in holding that the Trustee could sell the debtor's revocable opportunity to renew the season tickets.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge, for the District of Oregon, sitting by designation