**JACKSON NATIONAL LIFE INSURANCE COMPANY, Plaintiff—Appellee,**

v.

**Maria Mercedes L. CABRERA, et al., Defendants—Appellants,**

and

**Carlos Cabrera Munoz, aka Carlos Cabrera, et al., Defendants— Appellees.**

No. 01–15796.

D.C. No. CV–99–00183–ACM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Oct. 2, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN,* Senior District Judge.

MEMORANDUM **

Maria Cabrera, the widow of Carlos Cabrera, and her children appeal the district court's grant of summary judgment in favor of Francisco Cabrera, his mother, his father and his sister, in an action to determine the proper beneficiaries of a life insurance policy issued by Jackson National Life Insurance Company. Maria Cabrera and her children also challenge the district court's dismissal of Jackson National from the interpleader action and dismissal of Maria Cabrera's counter-claim against Jackson National. We conclude that Jackson National was properly dismissed from the original action and from the counterclaim, because it has fully discharged its obligations with regard to the proceeds of the life insurance policy and it owed no other duty to Maria Cabrera and her children. With respect to the summary judgment in favor of Francisco Cabrera and his family, however, we find that there is a genuine issue of Carlos Cabrera's intent. Accordingly, we reverse and remand for trial.

In interpleader actions, the district court applies the substantive law of the forum state, in this case Arizona. *See Equitable Life Assurance Soc'y v. McKay,* 837 F.2d 904, 905 (9th Cir.1988). Under Arizona law, where the rights of respective claimants to the proceeds of an insurance policy are in dispute, the intent of the insured governs. *Doss v. Kalas,* 94 Ariz. 247, 383 P.2d 169, 172 (1963). Here, the district court found that there was no genuine issue as to the intent of Carlos Cabrera, the insured. We disagree.

The life insurance policy at issue was a $1,000,000 policy originally taken out in 1987, with Maria Cabrera as the sole beneficiary. Carlos Cabrera made several changes to the policy, adding his children, his mother, his sister and his brother, Francisco, as beneficiaries. In 1992, the policy was again changed, removing Maria Cabrera and her children as beneficiaries. There were no further changes to the policy prior to Carlos Cabrera's death.

Maria Cabrera challenges the validity of the 1992 policy change. The form changing the policy bore Carlos Cabrera's signature. The insurance agent, however, had several blank forms with Carlos Cabrera's signature and was engaged in fraud relating to some of the policies he managed. Carlos Cabrera went to a new insurance agent in 1995, after the first agent's fraud had come to light. He told the new agent that his wife, children, mother, sister and brother were the beneficiaries, and he gave the percentage each was to receive according to the last policy change he had made before the 1992 change. When he came to the new agent's office, he brought a bag of documents relating to the policy. This bag contained documentation of all the policy changes except the 1992 change. We find that this

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

evidence gives rise to a genuine issue of material fact – whether Carlos Cabrera made the 1992 changes to his policy. The district court erred in granting summary judgment.

As for Jackson National, we find that the district court correctly dismissed it from the suit, because it had deposited the death benefit and past interest with the court, thereby discharging its obligations under the policy. In addition, we conclude that the district court was correct in dismissing Maria Cabrera and the children's counter-claim against Jackson National. Any duty that arose out of the fraud by the Jackson National agent or out of Jackson National's promise to investigate was a duty to Carlos Cabrera as the owner of the policy, not to the purported beneficiaries of the policy. *See Doss,* 383 P.2d at 172 (beneficiaries have no vested interest in a life insurance policy while the insured is alive); *Dobert v. Dobert–Koerner,* 192 Ariz. 248, 963 P.2d 327, 332 (App. 1998) (the wife and beneficiary of insured is not a party to the insurance contract).

For the foregoing reasons, we REVERSE the summary judgment in favor of Francisco Cabrera and his family and REMAND the case for further proceedings. We AFFIRM in all respects the dismissal of Jackson National from the interpleader action and the dismissal of the counter-claim against Jackson National. The parties will bear their own costs on this appeal.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.