**BUSINESSMEN'S ASSURANCE, a Missouri Corporation, Plaintiff,**

v.

**Norma Jean Townsend DALTON; Defendant—Appellant,**

v.

**Linda L. Townsend, Defendant—Appellee.**

No. 02-15996.

United States Court of Appeals, Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Submitted May 14, 2003.*

Decided May 22, 2003.

BEFORE: HUG, JOHN R. GIBSON **
and FISHER, Circuit Judges.

## MEMORANDUM ***

Appellant Norma Jean Dalton appeals the district court's judgment in favor of Linda Townsend and its award of attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellant claims that under Arizona law, Businessmen's Assurance ("BMA") waived compliance with its change of beneficiary procedures by filing this interpleader action, and that the court therefore must look to the intent of the insured to determine the beneficiary of Bobby Townsend's life insurance policy. However, the Arizona Supreme Court has held that an insurer does not waive compliance with its change of beneficiary procedures by filing an interpleader action if the insurer demands compliance with those procedures during the insured's lifetime. *McLennan v. McLennan*, 29 Ariz. 191, 240 P. 339, 340–41 (Ariz.1925). BMA twice informed Bobby Townsend that it would require compliance with its procedures before changing his beneficiary. It therefore did not waive compliance with those proce-

dures when it later interpled the proceeds of his policy in an attempt to protect itself from double payment.[1]

Even if we were to find that BMA had waived compliance with its change of beneficiary procedures and that we should therefore look to Bobby Townsend's intent, we would affirm the decision of the district court. The question of a decedent's intent regarding the beneficiary of an insurance policy is a question of fact. *See Equitable Life Assurance Society of the United States v. McKay*, 861 F.2d 221, 223–24 (9th Cir.1988). We review the district court's findings of fact following a bench trial for clear error. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (9th Cir.2001). The district court in this case found that Bobby Townsend intended that his wife Linda would remain the sole beneficiary of the policy. The evidence supports this finding. Bobby was aware from his correspondence with BMA that the change of beneficiary form would not become effective until he obtained Linda's signature, yet he never asked her to sign the form. He reconciled with Linda after he attempted to change the beneficiary, and he told Linda that she could use the insurance proceeds to pay off the house that they had purchased after they reconciled and after Bobby learned that he had a terminal illness. Moreover, Bobby reimbursed Dalton for the payments she had made on the policy. In light of this evidence, we cannot say that the district court

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The cases on which Dalton relies do not compel a different result, as the insurers in those cases did not demand full compliance with their change of beneficiary procedures during the insureds' lifetime. *See Burkett v. Mott*, 152 Ariz. 476, 733 P.2d 673 (Ariz.App. 1986); *Doss v. Kalas*, 94 Ariz. 247, 383 P.2d 169 (Ariz.1963); *Sears v. Austin*, 292 F.2d 690 (9th Cir.1961).

clearly erred in finding that Bobby intended his wife Linda to be the sole beneficiary of the policy.

We also reject Dalton's challenge to the district court's award of attorney's fees. We review an award of attorney's fees made pursuant to state law for abuse of discretion. *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 888 (9th Cir.2000). In this case, the district court awarded Linda Townsend $14,000 in attorney's fees. Dalton claims that the award will cause her undue hardship, given her limited monthly income of $1022. However, Dalton bears the burden to produce prima facie evidence of financial hardship, *Woerth v. City of Flagstaff,* 167 Ariz. 412, 808 P.2d 297, 305 (Ariz.App.1990), and she has not done so. Moreover, as the district court noted, Dalton has no dependents, she has paid off her house and she received $50,000 in proceeds from an unrelated insurance policy issued to Bobby Townsend. The district court therefore did not abuse its discretion in awarding $14,000 in fees to Linda Townsend.

The judgment of the district court is AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.