**JACKSON NATIONAL LIFE INSURANCE COMPANY,**
Plaintiff,

v.

**Maria Mercedes L. CABRERA; et al.,**
**Cross-claimants—Appellants,**

v.

**Maria Elena F. Cabrera; et al., Cross-**
**defendants—Appellees.**

No. 03–16867.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2004.*

Decided Aug. 10, 2004.

Megan E. Miller, Esq., Richard S. Oseran, Esq., Mendelsohn, Oseran & Eisner, P.C., Tucson, AR, for Cross–claimants–Appellants.

---

* This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

William J. Risner, Esq., Risner & Graham, Tucson, AZ, for Cross–defendants–Appellees.

Before: FERNANDEZ, PAEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

1. The district court did not clearly err in finding that the insured, Carlos Cabrera, intended to eliminate Appellants as beneficiaries of a $1 million life insurance policy and substitute Appellees. Under applicable Arizona law, where only the rights of the respective claimants to the policy proceeds are in dispute, the intent of the insured governs. *Doss v. Kalas,* 94 Ariz. 247, 251, 383 P.2d 169 (1963). The evidence adduced at trial was consistent with the district court's finding that Cabrera intended to change beneficiaries.

2. The district court did not abuse its discretion when it granted Appellees' pretrial motion in limine to exclude evidence of forged loans made by Cabrera's agent on other policies. *See McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032 (9th Cir.2003) (reviewing evidentiary rulings for an abuse of discretion). In any event, the court ultimately allowed the introduction of evidence of the unauthorized loans at trial.

3. The district court did not abuse its discretion when it excluded evidence of allegedly unauthorized policy loan checks, given the lack of a clear relationship between the checks and unauthorized loans on Cabrera's policies. Moreover, Appellants ultimately conceded at trial that no unauthorized loans were taken on Cabrera's policies.

4. The district court did not abuse its discretion when it admitted evidence of real properties left by Cabrera to Appellants. This evidence was relevant to the determination of Cabrera's intent to provide for his immediate family solely through insurance or through insurance coupled with other assets. The district court also acted within its discretion when it excluded evidence of properties owned by Appellees. *See Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 919 (9th Cir. 2001) (recognizing that district courts have "broad discretion in deciding what evidence is relevant, reliable, and helpful to the trier of fact") (citation omitted).

5. The district court did not abuse its discretion in managing the trial or otherwise demonstrate prejudicial bias against Appellants. Although the district court interjected frequently and participated actively in the examination of certain witnesses, its actions did not amount to judicial conduct warranting reversal. *See United States v. Mostella,* 802 F.2d 358, 361–62 (9th Cir.1986) (concluding that judge's extensive questioning of witnesses and comments during trial did not amount to "extreme overstepping of the proper judicial role").

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.