465 B.R. 152 (2012)
Pete Garibay MEZA, Debtor.
Robert A. Mackenzie, Trustee, Plaintiff,
v.
Anna Badillo and John Doe Badillo, husband and wife, Defendants.
Bankruptcy No. 2:10-bk-11800-RJH. Adversary No. 2:11-ap-00998-RJH.
United States Bankruptcy Court, D. Arizona.
February 9, 2012.
*153 Allison M. Lauritson, Lane & Nach, P.C., Phoenix, AZ, for Plaintiff.
David W. Williams, Davis Miles, PLLC, Tempe, AZ, for Defendants.

OPINION GRANTING THE BADILLO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENYING THE TRUSTEE'S CROSS-MOTION FOR SUMMARY JUDGMENT
RANDOLPH J. HAINES, Bankruptcy Judge.
This issue here is whether a debtor's change of the beneficiary designated on a term life insurance policy is a transfer of an interest in property that can be avoided as a fraudulent transfer under Code § 548. The Court concludes that the change of beneficiary cannot be avoided as a fraudulent transfer because applicable Arizona law does not provide designated beneficiaries of term life policies any rights, during the life of the insured, that could amount to a property interest recognized by federal bankruptcy law.

Background Facts
In 1999 Great American Life Insurance Company issued a term life insurance policy on the life of Mrs. Terry Meza. The policy was for a $300,000 death benefit, naming Mrs. Meza's husband, the current debtor, as the primary beneficiary. Mrs. Meza was diagnosed with terminal cancer about ten years later, in January 2009. On September 5, 2009, Mrs. Meza submitted a change of beneficiary request to Great American designating her daughter, Anna Badillo, as the primary beneficiary under the policy. Both parties agree Mrs. Meza was the insured and had the authority to change the beneficiary on the policy. On September 23, 2009, Great American Life Insurance Company sent correspondence to Mrs. Meza acknowledging receipt of her change of beneficiary form. Three days later Mrs. Meza passed away. One month later Anna Badillo submitted a claimant's statement seeking payment of the insurance proceeds under the policy.
Mr. Meza filed this chapter 7 bankruptcy case about a year and a half after his wife passed away. The Chapter 7 Trustee filed an adversary complaint asking Defendant Anna Badillo[1] to disgorge the insurance proceeds that were received through the life insurance policy on the life on her mother, Terry Meza.
The Badillo Defendants filed a motion for summary judgment and the Trustee filed a cross-motion for summary judgment. Following oral argument, the matter has been submitted to the Court.

*154 Analysis
The central issue in this case is whether Arizona law recognized such a bundle of rights held by Mr. Meza, as a beneficiary, prior to his wife's death, that bankruptcy law would regard as "an interest of the debtor in property" that could be the subject of a § 548 fraudulent transfer action. To resolve this question, the court must first determine whether the Debtor, Mr. Meza, had any interest in the term life policy and, if so, whether that interest was transferred (voluntarily or involuntarily) within two years before the petition date.
On the first issue, the Trustee argues that the Debtor, Mr. Meza, was an "owner" of the policy in September, 2009 because even though his wife was the insured, it was community property and Arizona is a community property state. The Trustee also argues that the Debtor's interest in the policy is demonstrated by the fact that he listed himself as an owner when he jointly signed the beneficiary change form. The Badillo Defendants argue that the policy itself reflected only Mrs. Meza as the owner of the policy, and that the Debtor's listing of himself as an owner on the beneficiary change form does not make him an owner.
The Arizona Supreme Court has held that prior to the insured's death, the spouse of an insured "had no community interest in anything of value connected with the term policy except any dividends or unearned premium."[2] On the one hand that does imply that the spouse does have a community property ownership interest in a term life policy, notwithstanding that in Alarcon as is the case here, only one spouse, the insured, "was designated in the life insurance policy as the owner of the policy."[3] But on the other hand the holding is that the ownership interest in the term life policy has no value unless there are dividends or an unearned premium, which is not contended here.
But regardless of whether there is a spouse's ownership interest in the policy, or its value prior to death, that is not what was transferred here, nor what the Trustee seeks to recover by his avoidance action. The transfer of the ownership of a policy is clearly distinct from the mere change of beneficiary, even when there is no cash surrender value.[4] Here, there was no transfer of the ownership of the policy. The community property ownership interest in the policy at issue here was never transferred, and remained with the Debtor until the policy was paid.
So the precise question here is whether the mere change of beneficiary, without a change in ownership of the policy, is a transfer of property. This depends on what bundle of rights the applicable state law recognizes in the named beneficiary. This is because in the absence of any controlling federal law, we must look *155 to state law to ascertain what rights exist, and then to federal law to determine whether that bundle of rights is sufficient to be recognized as a property right.[5]
Under Arizona law, beneficiaries of term-life insurance policies have no vested interest in the policy until the death of the insured. The insured may change his designation of beneficiary at will up until the time of his death. As stated by the Arizona Supreme Court in McLennan, "Under insurance certificates of this nature, the beneficiary has no vested interest in the certificate until the death of the insured member. Up to such time the latter may change his designation of beneficiary at will."[6]McLennan and Doss are unequivocal holdings that Arizona law provides the beneficiary, prior to the insured's death, has "no vested right which the law protects," and Arizona courts have not recognized any exceptions to those holdings. And Ninth Circuit law is clear that when state law recognizes no such vested right, bankruptcy law cannot find a property interest to exist, but only a mere expectancy.[7]
The Trustee argues that a named beneficiary's interest in a life insurance policy may have some value that the law protects once the insured knows of her impending death. In support of this argument he cites two California cases. In Bryson,[8] the California Court of Appeals upheld a fraudulent transfer to recover the death proceeds when the insured changed the beneficiary four months prior to committing suicide. The court reasoned that "the knowledge of impending death removed the element of contingency and gave the policy at the time of its transfer `an actual pecuniary value closely approximating its face amount.'"[9] And then Headon held that the rule of Bryson was not limited to changes of beneficiary made in contemplation of death, because that fact merely "increases the present value of the policy to something approaching its face value."[10] Those California cases, as well as an Indiana case the Trustee cites,[11] seem to eliminate the Code's requirement to find a transfer "of an interest of the debtor in property" as a necessary prerequisite to finding a fraudulent transfer, by stating the only "relevant inquiry is whether the debtor has put some asset beyond the reach of creditors which would have been available to them but for the conveyance."[12]
But while Bryson and Headen are undoubtedly correct that knowledge of impending value increases the market value of a term life policy, the existence of value alone is not determinative of whether state law protects a sufficient bundle of rights to *156 be deemed a property interest. While they may imply that California does recognize some vested right in the beneficiary, regardless of knowledge of impending death, that is clearly not the law in Arizona under Alarcon, McLennan and Doss. Without recognition of any vested right in the beneficiary, there is no possibility of a federal court concluding that a property interest exists under state law.
The clear lack of any right in the beneficiary that is protected by law makes this situation entirely distinguishable from the protected right of a legatee, prior to a disclaimer, which some federal law may recognize as constituting a property right even if state law is to the contrary.[13] And it is certainly the governing law in the Ninth Circuit, which has held, after Drye, that the "right to channel" by exercising the disclaimer under Arizona law, prior to either the fixing of a federal tax lien or the filing of a bankruptcy petition, "is not a `transfer . . . of an interest of the debtor in property' for purposes of § 548."[14] Obviously the legatee's inheritance had a very definite, fixed value prior to the disclaimer, and yet that mere existence of value and lack of contingency was not sufficient for the Ninth Circuit to find that a property interest existed under Arizona law.
This is also the clear holding of the Ninth Circuit in Harrell,[15] where the seniority right to renew a professional basketball season ticket clearly had very substantial value. But because that seniority was not protected by state law it was a mere expectancy, regardless of its value, and not a sufficient bundle of rights to constitute a property interest that could become property of the estate. Under governing Arizona law, the beneficiary's interest is similarly not protected and therefore a mere expectancy, regardless of how valuable it might become upon knowledge of impending death.
Because the Trustee cannot satisfy his burden of proving that the change of beneficiary constituted a transfer of "an interest of the debtor in property," the Badillo Defendants' motion for summary judgment must be granted, and the Trustee's cross-motion for summary judgment denied. The Badillo Defendants are instructed to lodged a form of judgment consistent herewith.
NOTES
[1] The Court notes that the Trustee filed suit against Anna Badillo and John Doe Badillo, husband and wife, as Defendants. In their motion for summary judgment, the Badillo Defendants identify Mr. Badillo as "Alex Badillo."
[2] Howard v. Mejia (In re Estate of Alarcon), 149 Ariz. 336, 718 P.2d 989, 992 (1986).
[3] Id. at 990. Accord, Neely v. Neely, 115 Ariz. 47, 563 P.2d 302, 307 (1977) ("When we come to consider the strong presumption that property purchased with community funds remains community property, even though title be taken in the name of the wife alone, we do not think the mere fact that the policies contained provisions giving the insured broad powers, created a gift from the husband to the wife, as a matter of law.... Consideration of the foregoing leads us to conclude that the policies remained community property....") (internal citation omitted).
[4] Union Cent. Life Ins. Co. v. Flicker, 101 F.2d 857, 858 & 860 (9th Cir.1939) ("the insured changed the beneficiary in the policy . . . and on the following day assigned it `together with all rights reserved to me as the insured,'" and under California law "an assignment of a policy presents a stronger case as a transfer" than does a mere change of beneficiary).
[5] Butner v. United States, 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law").
[6] McLennan v. McLennan, 29 Ariz. 191, 240 P. 339, 340 (1925). Accord, Doss v. Kalas, 94 Ariz. 247, 383 P.2d 169, 172 (1963) ("The beneficiary, during the life of the insured, has no vested right which the law protects and the insured, if the right to name the beneficiary is not irrevocable, may the change the beneficiary without his consent and without notice to him.").
[7] In re Harrell, 73 F.3d 218 (9th Cir.1996)
[8] Bryson v. Manhart, 11 Cal.App.2d 691, 54 P.2d 778 (1936).
[9] Headen v. Miller, 141 Cal.App.3d 169, 190 Cal.Rptr. 198, 201 (1983), quoting Bryson, supra.
[10] Headen, 190 Cal.Rptr. at 203.
[11] In re First Fin. Assocs., Inc., 371 B.R. 877, 893-95 (Bankr.N.D.Ind.2007).
[12] Headen, 190 Cal.Rptr. at 202.
[13] E.g., Drye v. United States, 528 U.S. 49, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999).
[14] Gaughan v. Edward Dittlof Revocable Trust (In re Costas), 555 F.3d 790, 797 (9th Cir. 2009).
[15] In re Harrell, 73 F.3d 218 (9th Cir.1996).