FILED

2/5/2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. AZ-12-1644-DPaKu |
| | ) |
| BENJAMIN JONES and JESSICA TREOLA JONES, | ) Bk. No. 11-34839-SSC |
| | ) |
| Debtors. | ) |
| ———————————————— | ) |
| | ) |
| BENJAMIN JONES; JESSICA TREOLA JONES, | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| BRIAN J. MULLEN, Chapter 7 Trustee, | ) |
| | ) |
| Appellee. | ) |
| ———————————————— | ) |

Argued and Submitted on January 23, 2014
at Tempe, Arizona

Filed – February 5, 2014

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Sarah Sharer Curley, Bankruptcy Judge, Presiding

———————————————

Appearances:    Trucly Pham Swartz, Esq. of John Joseph Volin, P.C. argued for appellants Benjamin Jones and Jessica Treola Jones; Michael A. Jones, Esq., of Allen, Sala & Bayne, PLC argued for appellee Brian M. Mullen, Chapter 7 Trustee.

———————————————

Before:  DUNN, PAPPAS and KURTZ, Bankruptcy Judges.

———————————

[1]    This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The bankruptcy court approved the chapter 7[2] trustee's sale of real property transferred to debtor postpetition upon the death of the grantor under a Beneficiary Deed under Arizona Law, which had been executed and recorded prepetition. We AFFIRM.

I. FACTS

As part of her estate plan, on July 16, 2010, Mary Alice Jones ("Mary") signed a Beneficiary Deed transferring real property ("Property") in Maricopa County, Arizona, to her grandson, Benjamin Jones ("Benjamin"), effective on her death. The Beneficiary Deed was recorded in the Maricopa County property records on July 27, 2010.

Together with his wife, Jessica Treola Jones, Benjamin filed a chapter 7 petition ("Petition") in the Bankruptcy Court for the District of Arizona on December 28, 2011. Brian J. Mullen ("Trustee") was appointed as the chapter 7 trustee in the Jones' bankruptcy case.

Benjamin did not disclose an interest in the Property in his bankruptcy schedules filed on December 28, 2011. Mary died on December 31, 2011, having never revoked the transfer made pursuant to the Beneficiary Deed.

On August 24, 2012, the Trustee filed a motion ("Sale Motion") pursuant to § 363(b) and (f) to approve a sale of the Property as property of the bankruptcy estate, free and clear of

---

[2] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532.

liens.  Benjamin objected.[3]

Relying on § 541(a)(5), Benjamin asserted that to become property of his bankruptcy estate, the transfer of the Property to him must have been by "bequest, devise, or inheritance" within 180 days after the Petition was filed.  He further asserted that under Arizona law, a bequest is a transfer of personal property under the terms of a decedent's will, a devise is a transfer of real property under the decedent's will, and an inheritance is property received as a result of a decedent dying intestate.  Because the transfer was of real property, the transfer was not a bequest.  Because Mary had a will, the transfer was not an inheritance.  Because the transfer was not made to him through that will, the transfer was not a devise.  Accordingly, Benjamin asserted that the transfer did not fall within the parameters of § 541(a)(5), and for that reason, the Property never became property of his bankruptcy estate.

Following briefing and argument, the bankruptcy court took under submission the issue of whether the Property was property of Benjamin's bankruptcy estate,[4] twice requesting that Benjamin

---

[3]    All proceedings opposing the sale of the Property, including this appeal, were filed in the names of both debtors. Because any interest in the Property was in Benjamin's name only, we refer only to Benjamin as the opposing party.

[4]    Any procedural error arising from the bankruptcy court's determination of the validity, priority, or extent of Benjamin's interest in the Property in the context of a contested matter rather than through an adversary proceeding pursuant to Rule 7001(2) has been waived by Benjamin.  He did not raise the issue before the bankruptcy court and has not raised it in this
(continued...)

provide further documentation. The first request was that he provide a copy of Mary's will, which he did. The second was that he provide any other estate planning documents Mary executed on July 16, 2010. Benjamin responded to this request only by stating that he had no knowledge of any other estate planning documents executed on that date, except that he believed Mary used beneficiary designations and joint accounts to control the disposition of some assets.

On December 13, 2012, the bankruptcy court issued its memorandum decision ("Decision"), in which it determined that the Property was property of the bankruptcy estate.

The bankruptcy court first analyzed the transfer of the Property to Benjamin under § 541(a)(5), observing that the dispute as argued by the parties, was solely whether the Property became property of the estate "by devise." As such, the definition of "devise" in the Arizona Probate Code was controlling; under Arizona law, a devise "when used as a noun, means a testamentary disposition of real or personal property and, when used as a verb, means to dispose of real or personal property by will." A.R.S. § 14-1201 (West 2012). The bankruptcy court determined that because "devise" is used as a noun in § 541(a)(5), under Arizona law the Property is a devise if

⁴(...continued)
appeal. See Levesque v. Shapiro (In re Levesque), 473 B.R. 331, 335 (9th Cir. BAP 2013)("Ordinarily, if an issue is not raised before the trial court, it will not be considered on appeal and will be deemed waived."); Simpson v. Burkart (In re Simpson), 366 B.R. 64, 76 at n.10 (9th Cir. BAP 2007)("Generally, an appellate court will not consider matters not specifically and distinctly argued in an appellant's opening brief.").

-4-

Benjamin acquired it as a "testamentary disposition," a term not defined in the Arizona Probate Code. The bankruptcy court adopted the Black's Law Dictionary definition of a "testamentary disposition" contained within the definition of "disposition" as "a disposition to take effect upon the death of the person making it, who retains substantially entire control of the property until death." See Black's Law Dictionary 539 (9th ed. 2009).

The bankruptcy court then turned to the Beneficiary Deed itself, noting that its use was first adopted in 2001, that it is a provision of the "Property" section (Title 33) of the Arizona Revised Statutes rather than the "Trusts, Estates and Protective Proceedings" section (Title 14), and that the bankruptcy court was unaware of any decision interpreting the Beneficiary Deed statute or the treatment of a beneficiary deed in the bankruptcy context. The bankruptcy court therefore looked to the treatment of trusts, non-probate instruments, for guidance.

Citing the distinction this Panel made in Birdsell v. Coumbe (In re Coumbe), 304 B.R. 378, 384-85 (9th Cir. BAP 2003), between testamentary trusts and inter vivos trusts, the bankruptcy court determined that Benjamin's acquisition of the Property substantially mirrored the effect of a testamentary trust, because Benjamin acquired the Property effective upon Mary's death, and found that the Property vested in Benjamin at the same time income distributions would vest in a beneficiary under a testamentary trust. Further, Mary's execution of both her will and the Beneficiary Deed on the same date as part of her estate planning evidenced Mary's requisite intent to make a testamentary disposition–a transfer of property on her death. The bankruptcy

-5-

court also ruled, in the alternative, that the Beneficiary Deed represented a contingent interest held by Benjamin on the Petition Date, and that § 541(a)(1) therefore applied to bring the Property into the bankruptcy estate.

An order approving the Sale Motion was entered December 18, 2012, and this appeal followed.[5]

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred when it determined that the Property was an asset of Benjamin's bankruptcy estate that the Trustee could sell.

## IV. STANDARDS OF REVIEW

Whether property is included in a bankruptcy estate is a question of law that we review de novo. White v. Brown (In re White), 389 B.R. 693, 698 (9th Cir. BAP 2008). We can affirm on any basis supported by the record. Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## V. DISCUSSION

The filing of the Petition created an estate comprised of all of the Joneses' legal and equitable interests in property. § 541(a). What constitutes a property interest under § 541 "has

---

[5] The sale took place. The bankruptcy court entered an order on January 16, 2013, which directed the Trustee to retain the proceeds in the amount of $54,982.48 pending resolution of this appeal.

-6-

been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." United States v. Sims (In re Feiler), 218 F.3d 948, 955 (9th Cir. 2000) (quoting Segal v. Rochelle, 382 U.S. 375, 379 (1966)). Although the Bankruptcy Code defines what property is transferred to the bankruptcy estate, "[p]roperty interests are created and defined by state law." Butner v. United States, 440 U.S. 48, 55 (1979). Thus, we look to Arizona law to establish the existence and scope of Benjamin's interest in the Property to determine whether it is to be included in the bankruptcy estate.

Benjamin's interest in the Property was created through a Beneficiary Deed, executed and recorded as provided by A.R.S. § 33-405. As relevant to the appeal before the Panel, A.R.S. § 33-405 provides:

> 33-405. Beneficiary deeds; recording; definitions
>
> A. A deed that conveys an interest in real property . . . to a grantee beneficiary designated by the owner and that expressly states that the deed is effective on the death of the owner[,] transfers the interest to the designated grantee beneficiary effective on the death of the owner subject to all conveyances, assignments, contracts, mortgages, deeds of trust, liens, security pledges and other encumbrances made by the owner or to which the owner was subject during the owner's lifetime.
> . . .
> E. A beneficiary deed is valid only if the deed is executed and recorded as provided by law in the office of the county recorder of the county in which the property is located before the death of the owner or the last surviving owner. A beneficiary deed may be used to transfer an interest in real property to the trustee of a trust even if the trust is revocable.
> F. A beneficiary deed may be revoked at any time by the owner . . . who executed the beneficiary deed. To be effective, the revocation must be executed and recorded as provided by law in the office of the

-7-

county recorder of the county in which the real property is located before the death of the owner who executes the revocation....

G. If an owner executes and records more than one beneficiary deed concerning the same real property, the last beneficiary deed that is recorded before the owner's death is the effective beneficiary deed.

H. This section does not prohibit other methods of conveying property that are permitted by law and that have the effect of postponing enjoyment of an interest in real property until the death of the owner. This section does not invalidate any deed otherwise effective by law to convey title to the interests and estates provided in the deed that is not recorded until after the death of the owner.

. . . .

M. For the purposes of this section:

1. "Beneficiary deed" means a deed authorized under this section.

2. "Owner" means any person who executes a beneficiary deed as provided in this section.

The parties agree that the Beneficiary Deed did not transfer a present interest in the Property to Benjamin. Nor is it disputed that Mary could have revoked the Beneficiary Deed at any time prior to her death.

The bankruptcy court determined that the Beneficiary Deed created a contingent interest in the Property, and that the contingent interest passed to the bankruptcy estate consistent with the broad scope of § 541(a)(1). Because the contingent interest was held by the estate at the time of Mary's death, it ripened into a present interest by operation of the terms of the Beneficiary Deed and of law three days after Benjamin's bankruptcy filing.

On appeal, Benjamin challenges this determination on two grounds.

First, he asserts that he held no property interest on the Petition date. Rather, he held only an "expectancy." To support this position, he cites to McKenzie v. Badillo (In re Meza),

-8-

465 B.R. 152 (Bankr. D. Ariz. 2012), which in turn cites <u>Abele v. Phoenix Suns Ltd. P'ship (In re Harrell)</u>, 73 F.2d 218 (9th Cir. 1996). Neither is on point.

In <u>Meza</u>, the debtor's wife changed the beneficiary designated on a term life insurance policy she owned from the debtor to third parties. The bankruptcy trustee asserted the change constituted a fraudulent transfer. The <u>Meza</u> court disagreed, stating that Arizona law does not provide designated beneficiaries of term life policies any rights during the life of the insured that could amount to a property interest recognized by federal bankruptcy law. The <u>Meza</u> court relied upon case law from the Arizona Supreme Court which held that prior to the insured's death, a life insurance beneficiary had no vested right which the law would protect. We read <u>Meza</u> only to provide that had Mary revoked the Beneficiary Deed postpetition but before her death (which she did not do), the Trustee would not have been able to assert a fraudulent transfer claim.

The <u>Meza</u> court then states broadly "[a]nd Ninth Circuit law is clear that when state law recognizes no such vested right, bankruptcy law cannot find a property interest to exist, but only a mere expectancy." The Ninth Circuit case cited by the <u>Meza</u> court for this broad proposition is <u>Harrell</u>. In <u>Harrell</u>, the debtor held season tickets, playoff tickets, and an opportunity to renew the season tickets to a local professional sports franchise. The Ninth Circuit stated that the mere expectation of an interest in property, in <u>Harrell</u> the right to renew season tickets, did not constitute a property right, where the sports franchise made clear in written notices sent to season ticket

-9-

holders each year that the "opportunity [to renew season tickets] is a privilege granted by the [franchise] and may be withdrawn in the [franchise's] discretion." We cannot make the stretch Benjamin asks of us to apply Harrell to this case. The debtor in Harrell never had a legal right to renew his season tickets. Benjamin, however, held a valid future interest in the Property by virtue of the Beneficiary Deed, subject only to Mary's revocation of the Beneficiary Deed, which never occurred.

Second, Benjamin contends that his rights with respect to the Beneficiary Deed were similar to those of a beneficiary of a paid on death ("POD Account") account. He cites to In re Hall, 394 B.R. 582 (Bankr. D. Kan. 2008), and In re Holter, 401 B.R. 372 (Bankr. W.D. Wis. 2009), as decisions of courts that have held that a contingent interest to a POD Account should not constitute property of the estate.

Unfortunately for Benjamin, the issue is governed by longstanding Ninth Circuit precedent which holds that property of the estate under § 541(a)(1) includes contingent interests. See, e.g., Neuton v. B. Danning (In re Neuton), 922 F.2d 1379 (9th Cir. 1990).

In Neuton, the Ninth Circuit held that a beneficial interest in an inter vivos trust that was revocable on the petition date constituted property of the bankruptcy estate, as it became irrevocable when the debtor's interest vested upon the death of the settlor, an occurrence which took place forty-six days after the bankruptcy petition was filed.

Ignoring Neuton, Benjamin asserts that in Burton v. Ulrich (In re Schmitt), 215 B.R. 417, 421 (9th Cir. BAP 1997), this

-10-

Panel held, "We determine that because the Trust was revocable, the Debtor's interest in it is no part of the estate." While that is a direct quote from Schmitt, it mischaracterizes what was actually decided. In Schmitt, the chapter 7 trustee sought to compel turnover of the value of a debtor's beneficial interest in an inter vivos trust. When the trustee determined that the debtor's interest in the trust likely was not property of the estate because it remained revocable, the trustee filed a motion seeking approval for his proposed compromise of the dispute with the trust grantor regarding turnover. In affirming the bankruptcy court's approval of the settlement, the Schmitt Panel decided that an inter vivos trust that remained revocable at the time the chapter 7 trustee sought to enforce debtor's contingent interest in it, was not property of the estate. Thus, by inference, we have recognized that an interest of the debtor in property that was contingent on the petition date, but vests postpetition, is property of the estate pursuant to § 541(a)(1).

Because the bankruptcy court correctly concluded that Benjamin's contingent interest in the Property became property of the estate pursuant to § 541(a)(1), the bankruptcy court did not err when it authorized the trustee to sell the Property once ownership of the Property had vested in Benjamin following Mary's death. The proceeds of the sale belong to the estate. § 541(a)(6).

We therefore do not reach the issue of whether the transfer of the Property through the Beneficiary Deed constitutes a "bequest, devise or inheritance" to render it property of the estate under the provisions of § 541(a)(5).

-11-

## VI.  CONCLUSION

Under the Beneficiary Deed, Benjamin held a contingent interest in the Property on the Petition Date.  Because legal title vested in Benjamin upon the Mary's death three days later, the Property is property of Benjamin's bankruptcy estate pursuant to § 541(a)(1).  We AFFIRM.